THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY JOHNSON, Appellant.— Appeal by defendant from an order of the County Court, Dutchess County, denying his motion in the nature of a writ of error *coram nobis* to vacate a judgment of conviction rendered May 10, 1938. Appeal dismissed. It is clearly disclosed by the record that the notice of appeal was served prior to the making and entry of the order from which the appeal purportedly was taken. We have, however, examined the merits and have concluded that we would affirm the order appealed from if the appeal were not dismissed. Defendant was indicted for the crimes of robbery in the first degree, committed while armed with a dangerous weapon, and grand larceny in the first degree. After trial, he was found guilty as charged in the indictment and sentenced as a

second felony offender to a term of thirty to sixty years, and an additional term of five to ten years for being armed, the sentences to run consecutively. On this motion, he attacks the additional sentence of five to ten years claiming in substance that it constituted an illegal second, independent sentence for the one crime, and that the court, before imposing sentence, was required to take proof as to whether he was armed at the time of the commission of the crime. Those arguments are without merit. The additional sentence under section 1944 of the Penal Law does not add a second sentence for the guilt of a single crime but is merely an increase in the extent of a single sentence for a single offense and may be imposed where the court finds the presence of the particular circumstances specified in that section. (*People* v. *Caruso*, 249 N. Y. 302; *Matter of Lyons* v. *Robinson*, 293 N. Y. 191; *People* v. *Sandoval*, 262 App. Div. 288; *People ex rel. Small* v. *Shaw*, 279 App. Div. 59, motion for leave to appeal denied 303 N. Y. 1015.) So far as appears from the record, the necessary inquiry and requisite proof were afforded in the testimony on the trial, resulting in defendant's conviction of the crimes charged in the indictment. (Cf. *People* v. *Caruso, supra,* and *People ex rel. Small* v. *Shaw, supra.*) Moreover, *coram nobis* may not be invoked to correct the errors of which defendant complains. (Cf. *Matter of Leonard* v. *Horton,* 278 App. Div. 62, 63, and *People* v. *Palumbo,* 282 App. Div. 1059.) Nolan, P.J., Adel, Schmidt, Beldock and Murphy, JJ., concur.