THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOHN DONAHUE, Respondent.

Argued April 26, 1955; decided June 10, 1955.

*Edward S. Silver, District Attorney* (*Frank Di Lalla* of counsel), for appellant. A prima facie case was presented to the grand jury. (*People* v. *Glen,* 173 N. Y. 395; *People* v. *Sexton,* 187 N. Y. 495; *People* v. *Bob,* 233 App. Div. 94; *People* v. *Masiano,* 253 App. Div. 454; *People* v. *Peary,* 249 App. Div. 851; *People* v. *Viola,* 264 App. Div. 38; *People* v. *Toland,* 217 N. Y. 187; *People* v. *Friedman,* 149 App. Div. 873; *People* v. *Galbo,* 218 N. Y. 283.)

No appearance for respondent.

FULD, J. The evidence contained in the grand jury minutes would justify a finding by a trial jury that defendant knowingly aided and abetted an accomplice in committing the burglary and the stealing of certain merchandise from a factory, as charged in the indictment. That defendant's accomplice actually effected an entry into the burglarized premises after all of its doors and windows had been closed and locked and that he handed stolen merchandise through the door to defendant, who apparently stood outside, is sufficient to support the conclusion that there was the requisite breaking and entry to spell out the crime of burglary (Penal Law, § 404, subd. 1).

It may well be that defendant did not, as he claims, intend to commit a theft and it is possible that he may successfully urge some other defense. However, a court may not accept defendant's contention as fact; any defense that he may have must be offered at the trial for the appraisal and decision of the jury. A court has no alternative but to deny a motion to set aside an indictment on the ground that there was insufficient evidence before the grand jury, when that body has acted upon evidence sufficient, " if unexplained or uncontradicted " (Code Crim. Pro., § 258), to warrant a conviction by the trial jury.

The order of the Appellate Division should be reversed and the motion to dismiss the indictment denied.

The orders should be reversed and the indictment reinstated.

CONWAY, Ch. J., DESMOND, DYE, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

Orders reversed, etc.