Fuld, J.
Concerned though we are with appeals in two separate cases, one involving Santo Caminito, the other, Charles Noia, we treat them together since they stem from the same prosecution and involve facts common to both.
Caminito, Noia and Frank Bonino were indicted in 1941 for the murder of one Hammeroff. At the trial, the only evidence of guilt consisted of confessions signed by each defendant in which he acknowledged participation in an attempted robbery of Hammeroff terminating in his fatal shooting. Concluding that the confessions were not coerced, as the defendants con *599 tended, and that their contents were true, the jury found the three defendants guilty of felony murder and the trial judge, upon the jury’s recommendation, sentenced each to life imprisonment. Only Caminito and Bonino appealed and their judgments of conviction were affirmed (265 App. Div. 960, 291 N. Y. 541, motions for reargument denied 296 N. Y. 1004, 297 N. Y. 882, cert. denied [as to Bonino] 338 U. S. 849, [as to Caminito] 348 U. S. 839). Some years later, Caminito sought redress in the federal courts by way of habeas corpus; the United States Court of Appeals for the Second Circuit, reversing the District Court, sustained the writ on the ground that it appeared, upon facts “ not disputed,” that Caminito’s confessions had been coerced. (See United States ex rel. Caminito v. Murphy, 222 F. 2d 698, 699-700, revg. 127 F. Supp. 689, cert, denied 350 U. S. 896.) Following this determination, Caminito was remanded (by order of the District Court) to the Kings County Court ‘1 for such other and further proceedings as justice may require upon the indictment * * * against him * * * for the crime of Murder in the First Degree ” and, some short time later, Caminito, urging that the evidence before the grand jury was insufficient, moved to set aside the indictment. The County Court granted the motion, but the Appellate Division reversed.
The fact that a judgment of conviction has been reversed and a new trial ordered does not mean that there must be a new trial. The defendant possesses a right to challenge the indictment because of an asserted lack of evidence before the grand jury even after reversal and the grant of a new trial. (See, e.g., People v. Mullens, 298 N. Y. 606; People v. Nitzberg, 289 N. Y. 523, 530-531.) Such a reversal does not, however, give the defendant any greater right than that which he had before the first trial. In other words, he may have the indictment set aside only if on its face the record before the grand jury reveals that the evidence did not spell out a prima facie case of guilt. (See, e.g., People v. Donahue, 309 N. Y. 6, 7; People v. Sweeney, 213 N. Y. 37, 44, 45-46.) As we recently wrote in the Donahue case (supra, 309 N. Y. 6, 7), any defense which a defendant may have, any taint that a defendant may be able to show with respect to evidence adduced, not apparent in the grand jury minutes, “ must be offered at the trial for the appraisal and decision of the [trial] jury. A court has no alternative but to deny a motion to set aside an indictment on *600 the ground that there was insufficient evidence before the grand jury, when that body has acted upon evidence sufficient, ‘ if unexplained or uncontradicted ’ (Code Crim. Pro., § 258 [renum. § 251]), to warrant a conviction by the trial jury.”
In the case before us, the evidence presented to the grand jury — testimony of confessions by the defendant and proof of the corpus delicti — was unquestionably sufficient to warrant a conviction of murder in the first degree by the trial jury. That-being so, the indictment is immune from attack on a motion such as here made, and the Appellate Division correctly decided that Caminito’s application should be denied.
That, of course, disposes of Caminito’s appeal, but we add this further word in view of the district attorney’s contention that the People are privileged to introduce his confessions into evidence upon a retrial. In sustaining Caminito’s writ of habeas corpus, the United States Court of Appeals held the confessions coerced on the basis of facts “ not disputed ” (supra, 222 F. 2d 698, 699-700). It is virtually impossible to perceive how, upon a new trial, evidence could justify their admission. Accordingly, when on reargument granted to Bonino, this court, solely on the strength of the federal court’s determination as to Caminito, reversed Bonino’s conviction and directed that there be a new trial, we explicitly declared that the new trial was to proceed “ with his (Bonino’s) confessions excluded” (1 N Y 2d 752, 753). The same, of course, applies to Caminito’s.
With regard to the appeal taken by Noia, to which we now turn, the Appellate Division reversed the order of the Kings County Court vacating and setting aside the judgment of conviction against him.
As noted above, Noia did not appeal from the judgment of conviction, as had Caminito and Bonino, nor did he seek, as had Caminito, relief by way of habeas corpus in the federal courts. In fact, it was not until June of 1956, after this court had reversed the judgment against Bonino and after the Kings County Court had dismissed the indictment against Caminito, that Noia made the motion resulting in the order now before us. He maintains that he stands in the same position as Caminito and Bonino and that, despite his acceptance of the conviction and his failure to appeal from the judgment; the trial court has “ inherent power ” to set aside its own judgment procured in violation of constitutional right.
*601 Not having participated in the appeals prosecuted by his codefendants, Noia is not entitled to the beneficial results that they obtained. Some years ago, we held that the nonappealing codefendants of one whose conviction was reversed on appeal have “ no remedy * * * through the court”; the judgments recorded against them ‘ ‘ stand ’ ’ and 11 they must serve their sentences.” (Peope v. Rizzo, 246 N. Y. 334, 339.) Their only recourse, the court observed, was to the Governor for executive clemency.
Nor does the revitalization of coram nobis in this state since 1943 (see Matter of Lyons v. Goldstein, 290 N. Y. 19) change that and afford Noia a remedy in the courts. We have already adverted to the fact that at the trial the defendant claimed that his confessions were procured through coercive methods. The court left that question to the jury and, when its finding proved adverse to his contention and a judgment of conviction was rendered against him, Noia could have had the issue reviewed, as did his codefendants, on appeal and in the subsequent proceedings. His failure to pursue the usual and accepted appellate procedure to gain a review of the conviction does not entitle him later to utilize the present day counterpart of the extraordinary writ of error coram nobis. (See, e.g., People v. Sullivan, 3 N Y 2d 196, 198.) And this is so even though the asserted error or irregularity relates to a violation of constitutional right. (See Davis v. United States, 214 F. 2d 594, 596, cert. denied 353 U. S. 960; Howell v. United States, 172 F. 2d 213, 215, cert. denied 337 H. S. 906.) While the scope of coram nobis has been somewhat expanded beyond its original office (see, e.g., People v. Shaw, 1 N Y 2d 30; People v. Kronick, 308 N. Y. 866), it still remains an emergency measure employed for the purpose for which it was initially designed, of calling up facts unknown at the time of the judgment. The present, quite obviously, is not such a case.
The order of the Appellate Division should be affirmed in each case.
Froessel, J.
I agree for affirmances in both cases. I do not agree, however, that we have the right to say, as to Caminito’s confessions, that it is “ virtually impossible to perceive how, upon a new trial, evidence could justify their admission ”. If substantially the same evidence surrounding the confessions is adduced on a retrial, those confessions must of *602 course be excluded (see People v. Bonino, 1 N Y 2d 752). If, however, upon another trial, it can be demonstrated by new or additional evidence that the confessions were not coerced, or that a question of fact as to coercion is reasonably and fairly presented, the People may not be precluded from reoffering them.
In People v. Gammito: Chief Judge Conway and Judges Desmond and Van Voorhis concur with Judge Fuld; Judge Frobssel concurs in result only in a separate opinion in which Judges Dye and Burke concur.
In People v. Noia: Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Voorhis and Burke concur.
Orders affirmed.