THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO DEGBRINA, Appellant.— Appeal from an order of the County Court, Westchester County, denying, without a hearing, an application in the nature of a writ of error *coram nobis*. The application sought to vacate a judgment rendered by said court on November 10, 1938 sentencing appellant, after he had pleaded guilty to robbery in the first degree while armed, to serve from 15 to 40 years. Order unanimously affirmed. On the facts presented by this record, appellant was not entitled to relief even if it be assumed that he was coerced into making a confession (*People* v. *De Barros*, 1 A D 845). Neither is relief warranted because of the claim that appellant was mentally incompetent at the time of plea and sentence. (Cf. *People* v. *Smyth*, 3 N Y 2d 184; *People* v. *Flora*, 281 App. Div. 946, affd. 306 N. Y. 615; *People* v. *Codarre*, 285 App. Div. 1087; *People* v. *Hill*, 9 A D 2d 451.) There was no showing that the District Attorney knowingly suppressed material evidence (*People* v. *Lo Curto*, 6 A D 2d 694; *People* v. *Altruda*, 6 A D 2d 842, affd. 5 N Y 2d 970) or that appellant was not adequately represented by counsel (cf. *People* v. *Codarre, supra*). The additional punishment imposed under section 1944 of the Penal Law was warranted by appellant's admissions in open court, and, in any event, *coram nobis* may not be invoked to correct an error with respect thereto (*People* v. *Johnson*, 283 App. Div. 887). The record does not present the question of whether appellant's constitutional rights were violated in that he was not advised of his right to counsel, and we have not considered that question. Present — Beldock, Christ, Pette and Brennan, JJ.; Nolan, P. J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES LANA, Appellant.— Appeal from a judgment of the County Court, Kings County, sentencing appellant, after he had pleaded guilty of unlawfully possessing narcotics (Penal Law, § 1751, subd. 3), to serve from 15 years to life as a third felony offender (Penal Law, § 1941, subd. 2). Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY SCARNATO, Appellant.— Appeal (1) from a judgment of the County Court, Kings County, sentencing appellant to serve from 20 years to life, after he had been found guilty by a jury of rape in the first degree, assault in the second degree (three counts), kidnapping, and sodomy in the first degree, and (2) from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.

SIEGEL & HODGES, a Partnership Composed of AL SIEGEL and JOHN W. HODGES, Appellants, v. EDWARD HODGES, an Infant, by His Guardian ad Litem, ANNIE S. HODGES, Respondent, et al., Defendant.— In an action by a partnership to recover for necessaries furnished to an infant against the infant and his father, a member of the partnership, the appeal is from an order granting the infant's motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4). The Special Term held that to permit the maintenance of this action would contravene public policy. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ. [20 Misc 2d 243.]