**UNITED STATES of America ex rel. Samuel Tito WILLIAMS, Relator-Appellant,**

**v.**

**J. Edwin LA VALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.**

**No. 55, Docket 25574.**

United States Court of Appeals Second Circuit.

Argued Dec. 4, 1959.

Decided March 28, 1960.

Curtis F. McClane, John F. Finerty, New York City, for relator-appellant.

William I. Siegel, Asst. Dist. Atty., Kings County, Brooklyn, N. Y. (Edward S. Silver, Dist. Atty., Kings County, Brooklyn, N. Y., Louis Lefkowitz, Atty. Gen. of New York, on the brief), for respondent-appellee.

Before CLARK, WATERMAN and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Relator appeals from an order denying upon the merits his petition for a writ of habeas corpus, but granting a certificate of probable cause and leave to appeal *in forma pauperis*.

In 1948 relator was convicted in Kings County Court, New York, of murder in the first degree. The crime involved was felony murder. The jury recommended life imprisonment as authorized by New York Penal Law McK.Consol.Laws, c. 40, § 1045. The trial judge, on the basis of information concerning relator's previous criminal record, obtained through sources not connected with the trial, declined to accept the jury's recommendation and imposed a death sentence. On appeal to the Court of Appeals of New York two points were advanced, first, that the confessions admitted in evidence had been obtained by coercion and, second, that the recommendation of life imprisonment was an integral part of the verdict, and hence could not be disregarded without necessarily setting the verdict aside. The American Civil Liberties Union was permitted, as *amicus curiae*, to file a brief which raised a third point, namely, that the statutes (New York Penal Law, §§ 1044, 1045, 1045–a; Code of Criminal Procedure, § 482), allowing the sentence to be based on information not developed on the trial, violated due process in their application to the accused because he had not been afforded an opportunity for cross-examining or confronting the witnesses who furnished the pre-sentence information. Thus, two federal questions and one question of local law were presented to the Court of Appeals, which affirmed the conviction without opinion, People v. Williams, 1949, 298 N.Y. 803, 83 N.E.2d 698, but, by an amended remittitur, acknowledged that it had upheld the constitutionality of the controlling statutes as well as the particular sentence, 298 N.Y. 863, 84 N.E.2d 446.[1]

Pursuant to 28 U.S.C.A. § 1257(2),[2] an appeal was prosecuted to the Supreme Court of the United States on the precise issue raised by the *amicus curiae*. By a vote of seven to two, Justices Rutledge and Murphy dissenting, the Supreme Court affirmed, Williams v. People of State of New York, 1949, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, and subsequently denied two petitions for rehearing and stay (337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760; 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed. 514). The death sentence, however, was ultimately commuted to life imprisonment by the Governor of New York. Relator has taken no further legal action other than the present application, which reasserts the coercion argument formerly heard by the New York Court of Appeals.

■■ Although a substantial portion of relator's brief in the New York Court of Appeals was devoted to the question of coercion (including delay in arraignment), this question was not presented for review to the Supreme Court. The briefs there dealt exclusively with the sentencing procedure. The printed transcript was equally limited.[3] There was some comment in the majority opinion to the effect that relator had received a fair trial but this does not suffice to demonstrate the Supreme Court's consideration of the issue now posed in light of the parties' silence on the subject and the jurisdictional fact that the Supreme Court is restricted to that ground which sustains its appeal jurisdiction.[4] In so limiting the issues assigned counsel for relator made the choice of assuring their client, as a matter of right,' Supreme Court review of the one appropriate question (sentencing procedure) rather than risking discretionary certiorari review of both federal questions (sentencing procedure plus coercion). That choice resulted in a failure to exhaust state remedies because the remaining

---

1. Rehearing denied 300 N.Y. 460, 88 N.E. 2d 325.

2. "By appeal, where is drawn in question the validity of a statute of any state on the ground of its being repugnant to the Constitution, treaties or laws of the United States, and the decision is in favor of its validity."

3. The typewritten minutes of the trial, of course, were filed in the Supreme Court.

4. "Only the questions set forth in the notice of appeal or fairly comprised therein will be considered by the court * * *" Rule 10, subd. 2, United States Supreme Court Rules, 28 U.S.C.A. And see note 2, supra.

question, having been previously heard by the state courts, should have been thereafter offered for review to the Supreme Court. This was not done and hence the coercion question was not properly before the district court. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

■ The district court was of the opinion that the exhaustion requirement could be dispensed with here because of relator's indigence. However, there is no showing here that indigence was the cause of the failure to exhaust state remedies. In any event, indigence is not the extraordinary circumstance envisaged as the exception to the rule of Darr v. Burford, supra. That exception generally applies where the state determination is on non-federal grounds, e. g., a procedural bar within the state appellate process, from which certiorari jurisdiction cannot be invoked. White v. Ragen, 1945, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348. It may also apply in certain situations, not applicable to the instant petition, where the state has been tardy in objecting to the federal proceedings or where the circumstances are such that prompt federal intervention is essential. Cf. Thomas v. State of Arizona, 1958, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863, note 1; Frisbie v. Collins, 1952, 342 U.S. 519, 520–522, 72 S.Ct. 509, 96 L.Ed. 541.

■ Recent decisions indicate that there is available to relator a collateral remedy—writ of error *coram nobis*—by which he can again present to the New York courts his claim of duress. People v. Picciotti, 1958, 4 N.Y.2d 340, 175 N.Y.S.2d 32, 151 N.E.2d 191; People v.

Sullivan, 1957, 3 N.Y.2d 196, 165 N.Y.S. 2d 6, 144 N.E.2d 6; Bojinoff v. People, 1945, 299 N.Y. 145, 85 N.E.2d 909; Morhous v. N. Y. Supreme Court, 1944, 293 N.Y. 131, 56 N.E.2d 79. Although these cases involve an allegedly induced plea of guilty, legality of sentence, lack of counsel, and the prosecutor's alleged use of perjured testimony, the opinions seem broad enough to cover any confinement predicated on a fraudulent conviction—at least where the prisoner has not previously waived the claim. See People v. Noia, reported sub nom. People v. Caminito, 1958, 3 N.Y.2d 596, 601, 170 N.Y.S. 2d 799, 148 N.E.2d 139. The allegations here as to the trial in 1948 affect the fundamental jurisdiction of the court in the sense of the principles set forth in Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, cited in Bojinoff v. People, supra, 299 N.Y. at page 149, 85 N.E.2d at page 910. It is of no consequence that New York is not constitutionally required by Mooney v. Holohan, 1935, 294 N.Y. 103, 55 S.Ct. 340, 79 L.Ed. 791, to provide relator with collateral relief, having once accorded him full appellate consideration. The question is whether such relief is available; if it is, it furnishes a basis for review by the Supreme Court. Compare ᴸHerndon v. Lowry, 1937, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 with Daniels v. Allen, reported sub nom. Brown v. Allen, 1953, 344 U.S. 443, 482–487, 73 S.Ct. 397, 97 L.Ed. 469.[5]

■■ There are sound reasons why application for certiorari is treated as an incident of the state remedy to be exhausted. A reason often repeated derives from the unseemliness of intrusion by the lower federal courts into the

---

5. Should it develop that New York, contrary to our surmise, will not allow this collateral attack via assertions formerly heard on appeal or that the New York Court of Appeals will not entertain an application for reargument (cf. People v. Caminito, 1943, 291 N.Y. 541, 50 N.E. 2d 654, motion for reargument denied 1948, 297 N.Y. 882, 79 N.E.2d 277, certiorari denied 1954, 348 U.S. 839, 75 S.Ct. 46, 99 L.Ed. 662; United States ex

rel. Caminito v. Murphy, 2 Cir., 1955, 222 F.2d 698, certiorari denied 350 U.S. 896, 76 S.Ct. 155, 100 L.Ed. 788), then, as an adequate state ground, the exception to the rule of Darr v. Burford, supra, may well obtain. We do not believe that such an eventuality is likely under the current posture of state law, discussed above. Cf. Arsenault v. Gavin, 1 Cir., 1957, 248 F.2d 777, 780.

domain of state criminal justice when there is opportunity for federal intervention by the highest court in the land. Another lies in the difference between the scope of review by the Supreme Court from state courts and from federal courts acting pursuant to 28 U.S.C.A. § 2241 et seq. When sitting in direct review of a state conviction the Supreme Court is bound by the state record because it has no mechanism for ascertaining further facts. See Stein v. People of State of New York, 1953, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522; Gallegos v. State of Nebraska, 1951, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86. But when reviewing a district court's disposition of a habeas corpus petition brought by a state prisoner, the appellate court may find quite a different record before it. Cranor v. Gonzales, 9 Cir., 1955, 226 F.2d 83, certiorari denied 1956, 350 U.S. 935, 76 S.Ct. 307, 100 L.Ed. 816. This is because the district court may "summarily hear and determine facts" whenever it believes justice so requires. 28 U.S.C.A. § 2243. Brown v. Allen, 1953, 344 U.S. 443, 506, 73 S.Ct. 397, 97 L.Ed. 469. See Hart, The Supreme Court, 1958 Term —Foreword, 73 Harv.L.Rev. 84, note 64 (1959). It is therefore imperative that federal intrusion initially and primarily rest on the state adjudicative product, i. e., the state record. Should reversal on direct review ensue, much better that it stand on such a foundation. In this process there is postponed, and sometimes rendered unnecessary, ultimate resort to the district court. And it is enough that certiorari to review state convictions is available. See, for example, Spano v. People of State of New York, 1959, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265; Stein v. People of State of New York, supra; Malinski v. People of State of New York, 1945, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029. It is in this context that the certiorari requirement may be characterized as something more than a "meaningless" gesture, Darr v. Burford, supra, 339 U.S. at page 238, 70 S.Ct. at page 607 (dissenting opinion).

Because relator has failed to exhaust stated remedies as required by 28 U.S. C.A. § 2254, we do not review the judgment of the court below upon the merits of relator's case. The order of the district court denying the petition for a writ of habeas corpus is affirmed.