280 F.2d 95
 UNITED STATES of America ex rel. Charles WILLIAMS, Relator-Appellant,
v.
Walter H. WILKINS, Warden, Attica Prison, and The People of
the State of New York, Appellees.
 No. 335, Docket 26081.
 United States Court of Appeals Second Circuit.
 Argued May 12, 1960.
Decided June 7, 1960.
 
 Charles Williams, pro se.
 George K. Bernstein, Asst. Atty. Gen. of the State of New York, New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, Paxton Blair, Sol. Gen., Albany, N.Y., and Irving Galt, Asst. to Sol. Gen., New York City, on the brief), for appellees.
 Before CLARK, MOORE, and FRIENDLY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The relator-appellant attacks his state conviction as a second felony offender in 1942, because the indictment alleged his prior conviction and it was thus brought to the attention of the jury to his asserted prejudice. He did not appeal his conviction, but in 1948, and again in 1951, he sought relief in a state county court by way of motions in the nature of coram nobis, and in 1959 by writ of habeas corpus, wherein the Appellate Division denied leave to appeal in forma pauperis. People of State of New York ex rel. Williams v. Martin, 9 A.D.2d 635, 193 N.Y.S.2d 607. Appellant did not press these cases further. The practice followed in appellant's indictment here was expressly approved in People v. De Santis, 305 N.Y. 44, 110 N.E.2d 549, certiorari denied 345 U.S. 944, 73 S.Ct. 839, 97 L.Ed. 1370. But in 1957 the legislature enacted N.Y.Code Crim.Proc. 275-b, providing that the indictment should not allege prior convictions. See also the 1959 amendments to id. 482, 717, upon recommendation of the Law Revision Commission, 1959 McKinney's Sess.Laws of N.Y., pp. 1625- 1630. Hence the present practice is to allege and prove such prior convictions only following a conviction.
 
 
 2
 The question raised appears to be one of state practice, presenting no issue of federal due process. Gryger v. Burke, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683; Vanderwyde v. Denno, D.C.S.D.N.Y., 113 F.Supp. 918, affirmed 2 Cir., 210 F.2d 105, certiorari denied 347 U.S. 949, 74 S.Ct. 646, 98 L.Ed. 1096. Moreover, relator has failed to exhaust state remedies and thus is barred from relief here under 28 U.S.C. 2254. United States ex rel. Cuomo v. Fay, 2 Cir., 257 F.2d 438, certiorari denied 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307. And since New York will not now consider the contention, as it was not raised on direct appeal, People v. Noia, reported sub nom. People v. Caminito, 3 N.Y.2d 596, 170 N.Y.S.2d 799, 148 N.E.2d 139, certiorari denied Noia v. People of State of New York, 357 U.S. 905, 78 S.Ct. 1149, 2 L.Ed.2d 1156, it is outside the reach of the federal writ. Daniels v. Allen, reported sub nom. Brown v. Allen, 344 U.S. 443, 482-485, 73 S.Ct. 397, 97 L.Ed. 469. For each of these several reasons the order below is
 
 
 3
 Affirmed.