**PEOPLE of the State of NEW YORK ex rel. Sandy BROWN, Petitioner,**

v.

**Hon. J. P. CONBOY, as Superintendent of Great Meadow Correctional Institution at Comstock, New York, Respondent.**

Civ. No. 8074.

United States District Court
N. D. New York.

Aug. 2, 1960.

Sandy Brown, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, Raymond B. Madden, Asst. Atty. Gen. of New York, of counsel, for the People.

Frank S. Hogan, Dist. Atty., New York County, New York City, Daniel J. Sullivan, Asst. Dist. Atty., New York City, of counsel, for respondent.

JAMES T. FOLEY, District Judge.

Petitioner files another of the continuous and increasing applications for a writ of habeas corpus challenging a murder first degree conviction of New York. He was convicted by a jury of felony murder in the Court of General Sessions, County of New York, in 1953, and in accordance with the recommendation of the jury in their verdict was sen-

tenced to life imprisonment. No appeal was taken by the petitioner from the judgment of conviction. He was tried with two codefendants, one of whom was found not guilty. His claim in this District Court is that a coerced, involuntary and illegal confession was introduced against him at the trial.

As is my custom in these capital cases, which have become matters of great concern in this Circuit, I issued an order to the Attorney General of New York and the District Attorney of New York County to show cause why the writ should not issue. Assistant Attorney General Madden and Assistant District Attorney Sullivan have filed good affidavits in opposition. Assistant District Attorney Sullivan has cooperated by filing the record of the trial at my suggestion, although there is obviously a substantial preliminary barrier to the entertainment of this petition by reason of the failure to take direct appeal from the judgment of conviction. United States ex rel. Kozicky v. Fay, 2 Cir., 248 F.2d 520; certiorari denied 356 U.S. 960, 78 S.Ct. 997, 2 L.Ed.2d 1067; Brown v. Allen, 344 U.S. 443, 444, 487, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Cuomo v. Fay, 2 Cir., 257 F.2d 438, certiorari denied 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307; 28 U.S.C.A. § 2254.

The position of the Court of Appeals, Second Circuit in the Cuomo case has recently been reaffirmed in United States ex rel. Williams v. Wilkins, 2 Cir., 280 F.2d 95.

The procedural steps taken by the petitioner in the State Courts are now clearly demonstrated by the record made here. Habeas corpus was denied in Washington County, New York, in May, 1958 upon the ground it was an improper remedy for the challenge made. On July 18, 1958, upon the same grounds claimed here, a petition for a writ of error coram nobis was denied by the Court of General Sessions, New York, without a hearing. This denial was affirmed unanimously and without opinion by the Appellate Division, First Department (7 A.D.2d 844, 182 N.Y.S.2d 327). Assistant District Attorney Sullivan files the printed brief of the prosecution submitted on that appeal with the main contention therein that coram nobis was unavailable to the petitioner because the alleged errors appeared in the face of the record. See People v. Noia, reported sub nom., People v. Caminito, 3 N.Y.2d 596, 170 N.Y.S.2d 799, 148 N.E.2d 139, certiorari denied Noia v. New York, 357 U.S. 905, 78 S.Ct. 1149, 2 L.Ed.2d 1156; compare United States ex rel. Williams v. LaVallee, 2 Cir., 276 F.2d 645. Judge Fuld in October, 1959, denied leave to appeal to the Court of Appeals, New York, and certiorari was denied by the U. S. Supreme Court March 21, 1960, 362 U.S. 922, 80 S.Ct. 676, 4 L.Ed.2d 742. The Cuomo case, supra, 257 F.2d at page 442, emphasizes that invocation of an improper remedy will suffice as exhaustion only on a clear indication that the federal question was considered on the merits. The argument of the petitioner that he did not see or consult with his attorney after the judgment of conviction is answered in Kozicky, supra, 248 F.2d at pages 522–523.

Despite this legal foreclosure, I read the record again because it gives comfort and peace of mind. This record demonstrates again that New York is in the forefront of the States providing exemplary safeguards and protection for indigent defendants in these serious capital cases. In this situation the petitioner had four court-appointed lawyers, led by one most eminent and experienced in the criminal field. Daily copy was furnished by direction of the Court to the two defendants with assigned attorneys. The Judge was painstaking and patient throughout to insure fairness, and his charge, particularly on the question of involuntary confessions, was comprehensive and clear. Lyons v. State of Oklahoma, 322 U.S. 596, 601, 64 S.Ct. 1208, 88 L.Ed. 1481.

In the state record there is little to support the vague contention of coer-

-cion generally claimed now by the petitioner. There is no detail at all in the petition of any fact to show mental or physical pressures in the obtainment of the confession. The petitioner did not testify at the trial, and his chief attorney at the trial voiced his objection to the admission of the confession upon the specific grounds that he was questioned for a lengthy period of time without counsel and not arraigned within a reasonable time before a magistrate. See United States ex rel. Corbo v. LaVallee, 2 Cir., 270 F.2d 513, 518; United States ex rel. Petersen v. LaVallee, 2 Cir., 279 F.2d 396. This chief counsel refused an offer of the Court to hold a preliminary examination on the question of involuntariness and it was declined. R. 476–477. The petitioner adds in the present petition that the changing of his clothes between arrest and arraignment should leave "sound judicial inference that his confession was obtained by coercion (mental and physical)." Not a further single fact is alleged to support this "sound judicial inference". The state record discloses a merciless, vicious killing of a man, trapped alone in his automobile, and shot through the back of the head abruptly in order to rob him. The petitioner was the principal actor in the robbery and murder.

■ The petition is denied and dismissed. The papers, including the printed brief submitted, shall be filed by the Clerk of this Court without the usual requirement for the prepayment of fee. The trial record for which I am grateful shall be returned to the District Attorney, County of New York. In cases of this type, of which I have had many, I have always issued a certificate of probable cause, but conscientiously I cannot do so here, and such is refused. 28 U.S. C.A. § 2253. The application to proceed in forma pauperis is granted to the limited extent only that a notice of appeal from this decision, if so presented, shall be filed by the Clerk without the usual requirement for payment of fee.

It is so ordered.