**UNITED STATES of America ex rel. William WALKER, Petitioner,**

v.

**J. Edwin LA VALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent.**

**Civ. No. 8422.**

United States District Court
N. D. New York.

March 31, 1961.

William Walker, petitioner pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, Raymond B. Madden, Asst. Atty. Gen., of counsel, for United States.

Edward S. Silver, Dist. Atty., Kings County, Brooklyn, N. Y., William I. Siegel, Asst. Dist. Atty., Brooklyn, N. Y., of counsel, for respondent.

JAMES T. FOLEY, District Judge.

This petition for a federal writ of habeas corpus is another of the large number filed by state prisoners of New York in recent years in this District Court. The issue concerns the use of an alleged coerced and involuntary confession in the State trial. Important cases have passed through this Court with this point in issue, and among them are: United States ex rel. Caminito v. Murphy, D.C., 127 F.Supp. 689; 2 Cir., 222 F.2d 698, certiorari denied 350 U.S. 896, 76 S.Ct. 155, 100 L.Ed. 788; United States ex rel. Wade v. Jackson, D.C., 144 F.Supp. 458; 2 Cir., 256 F.2d 7, certiorari denied 357 U.S. 908, 78 S.Ct. 1152, 2 L.Ed.2d 1158; United States ex rel. Corbo v. LaVallee, 2 Cir., 270 F.2d 513, certiorari denied 361 U.S. 950, 80 S.Ct. 403, 4 L.Ed.2d 382; United States ex rel. Samuel Tito Williams v. LaVallee, D.C., 170 F.Supp. 582; 2 Cir., 276 F.2d 645, Certiorari Denied 364 U.S. 922, 81 S.Ct. 287, 5 L.Ed.2d 261; United States ex rel. Alvarez v. Murphy, 2 Cir., 277 F.2d 304; pet. cert. filed Sup.Ct. May, 1960, still undetermined; United States ex rel. Kiernan v. LaVallee, (co-defendant Wade), D.C., 191 F.Supp. 455, decided by me January 24, 1961; no appeal taken.

Caminito, Wade and Kiernan are now free from confinement. This listing is made to emphasize the careful scrutiny and independent examination that must be given the challenge of coerced confession under the many recent rulings of the United States Supreme Court. Spano v. People of State of N. Y., 360 U.S. 315, 321, note 2, 79 S.Ct. 1202, 3 L.Ed.2d 1265.

After trial by jury the petitioner was convicted of Robbery in the First Degree in the County Court of Kings County, N. Y., during December, 1952. On January 12, 1953 he was sentenced by Judge Leibowitz as a second felony offender to a term of thirty to sixty years. Later the Judge, apparently on his own volition, on February 6, 1953, voluntarily reduced the minimum sentence to fifteen years, and it is under that sentence the petitioner is presently confined. The petitioner was allowed to appeal as a poor person by the Appellate Division, Second Department, and the judgment of conviction was unanimously affirmed with no opinion on December 31, 1954. Leave to appeal to the Court of Appeals, New York, was denied by Hon. Adrian P. Burke, Associate Judge of that Court by letter dated January 27, 1955 (People v. Mc-Carthy, 250 N.Y. 358, 165 N.E. 810; Section 520, Code Crim.Proc.N.Y.). Later, September 5, 1956, Judge Burke advised the petitioner that he could not file a petition for certiorari to the United States Supreme Court because his discretionary decision as a single judge was not a judgment of the Court of Appeals. The Judge also advised that he might apply to the Federal District Court for a writ of habeas corpus. By letter of July 16, 1956 to the petitioner, Judge Burke reaffirmed his previous denial of leave to appeal. The petitioner pursued no other remedies in the State Courts, did not file a petition for certiorari in the United States Supreme Court, and his present petition received in this office dated January 5, 1961 is his first formal petition for relief in this District Court.

I issued an order to show cause, and lengthy affidavits have been filed in op-position. There is much discussion on the merits in each affidavit, and also the point is emphasized that petitioner has not completed the exhaustion of his state remedies by filing a petition for certiorari in the United States Supreme Court. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Irvin v. Dowd, 359 U.S. 394, 404–407, 79 S.Ct. 825, 3 L.Ed. 2d 900. It may be true that this should be done before the District Court reaches out to the merits and in most instances it is and should be done, even where the Court of Appeals, New York, is bypassed. United States ex rel. Marcial v. Fay, 2 Cir., 247 F.2d 662. In United States ex rel. Alvarez v. Murphy, 2 Cir., 246 F.2d 871, 874, the petitioner there was also denied leave to appeal by the Court of Appeals, but in his post conviction procedure of coram nobis, entertained by the State Courts, he did file for certiorari and it was held that was sufficient compliance with the exhaustion of available state remedies statute. 28 U.S.C.A. § 2254; see United States ex rel. Cuomo v. Fay, 2 Cir., 257 F.2d 438, 441. A recent ruling emphasizes that with little exception the question heard by the State Courts should be offered for review to the Supreme Court. United States ex rel. Samuel Tito Williams v. LaVallee, 2 Cir., 276 F.2d 645.

However, there is persuasive reasoning in the Williams case that in my judgment fits the situation here very well. Judge Moore writes that the issue of coerced confession might be raised by the collateral remedy of writ of error coram nobis in New York even after adverse state appellate review. It is a common-sense and practical approach, although I am not sure New York will agree to so extend coram nobis. It would be heartening to this District Court because it would alleviate the growing friction in the federal-state relationship in these state criminal matters by a modern recanvass and review of old convictions by the State Courts applying the new federal principles in proper situations instead of the single federal judge.

The question of coerced confession raised here, in my judgment, is substantial and close. Certitude that defendant is guilty or the confession reliable cannot enter the search for and determination of the issue of coerced confession. Stein v. People of State of N. Y., 346 U.S. 156, 200, 73 S.Ct. 1077, 97 L.Ed. 1522; Rogers v. Richmond, 81 S. Ct. 735.

Assistant District Attorney Siegel has filed with me the People's brief filed in the Appellate Division, Second Department. There is an unusual development in the State trial that may cause concern in relation to oral admissions, confessions, coercion and force. After hearing the witnesses on the voir dire, with usual contradictions of defendant relating brutal beating and the police officers denying the same, Judge Leibowitz specifically ruled, after observation of these witnesses, that the oral confessions to the police officers should be ruled out on the ground they were extorted from the defendant by force. Pg. 14, brief. Then, with credit given to the testimony of the defendant to the effect that the beatings ceased three and one-half to five and one-half hours before the District Attorney came to take the written confession, the Judge decided that under the Leyra case he was required to submit to the jury as a question of fact whether or not the coercion or beating or force or violence carried over into the confession made to the District Attorney. Pg. 15, brief. It is important to note that this reference to the noted Leyra case was in 1952 and the final ruling in Leyra was not made by the Supreme Court until June 1, 1954. Leyra v. Denno, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948. Under the circumstances here and the reasoning of Williams, supra, although I dislike to shunt off an indigent and uneducated prisoner, I feel it worthwhile to deny the present application without prejudice to renewal. Application should be made to Judge Leibowitz for a writ of error coram nobis for possible review in the light of recent state and federal cases, and if not entertained, application might be renewed to Judge Burke for a certificate granting permission to appeal to the Court of Appeals. In any event, a petition for certiorari should finally be made to the United States Supreme Court before the petition for habeas corpus is filed again in this District Court.

I shall only file with the Clerk of the Court the handwritten petition, the answering affidavits and the printed brief in the Appellate Division I have referred to. The papers of the petitioner, correspondence, state decisions, etc. shall be returned to him for assistance in his future endeavors. The trial record shall be returned to the District Attorney, Kings County.

The petition is denied and dismissed without prejudice. The papers shall be filed with the Clerk without the usual requirement for the prepayment of fees, and it is

So ordered.