Johh J. Walsh, J.
By petition duly verified on the 14th day of July, 1961 defendant-petitioner moves for a writ of error coram nobis to vacate a judgment of conviction on November 29, 1954.
The basis of the petition is that the court erred in sentencing defendant as a second offender to a term of not less than 5 nor more than 10 years and that defendant should be resentenced to a term of not less than 2% nor more than 5 years as a first felony offender.
Where an alleged error does not affect the validity of a judgment of conviction, but only the validity of a sentence, coram nobis will not lie. (People v. Sullivan, 3 N Y 2d 196; People v. Johnson, 283 App. Div. 887.)
Considered as a motion for resentence, there is no merit to the contention either on the basis of the petition itself or upon the records of the court.
This petition presenting only matters of law and no triable issue of fact does not require a formal hearing nor the presence of the defendant.
Defendant claims he was indicted on October 12, 1954 for the crime of robbery in the first degree, committed as a second offender. On the same day, defendant was arraigned in Oneida County Court, at which time he requested assignment of counsel which request was granted and counsel was duly assigned.
The minutes of the Clerk of the court indicate that after a jury had been drawn and the case partially tried, defendant-petitioner through his counsel, withdrew his former plea of not guilty and, with the consent of the District Attorney pleaded guilty to *532 robbery in the second degree. He was thereafter sentenced to a term of not less than 5 years nor more than 10 years in Attica State Prison.
Defendant claims that his previous conviction in Indiana was not a felony conviction within the meaning of the statute in New York State. (People v. Olah, 300 N. Y. 96.) Therefore, he claims that his sentence should not have exceeded two and one half to five years as a first offender.
There is no doubt that the court sentenced defendant-petitioner as a first offender. In his petition, defendant sets forth that the trial court before accepting the plea of guilty to the reduced charge of robbery in the second degree held that the alleged Indiana conviction set forth in the indictment was not a conviction under New York law. He further alleges that when the court sentenced him to the term of 5 to 10 years defendant called the court’s attention to the fact that he was not a second offender. The court thereupon said that he was not a second offender and concluded “ The sentence remains the same.”
Unless, therefore, the sentence imposed upon defendant as a first offender is invalid, the application must be denied.
Section 2127 of the Penal Law provides that robbery in the second degree is punishable by imprisonment for a term not exceeding 15 years. The sentence imposed was therefore a valid one. Petition is denied.