■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GUSTAVO GONZALEZ, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Kings County, dated June 30, 1961, which denied, without a hearing, his application to vacate a judgment rendered by said court on March 8, 1956 on his plea of guilty convicting him of murder in the second degree and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALAN ROBERT HOLLOWAY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD PHILLIP LA MOTHE, Appellant.— Appeal by each defendant from a judgment of the County Court, Queens County, rendered January 25, 1961 after a jury trial, convicting him of rape in the first degree and imposing sentence. Judgments as to both defendants affirmed. No opinion. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK LOCICERO, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered February 15, 1961, after a nonjury trial, upon the written decision or opinion of the court, convicting him of burglary in the third degree and grand larceny in the second degree, and imposing sentence. Judgment affirmed. No opinion. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM PELLIGRINO MASSELLI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Orange County, dated October 11, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered March 24, 1958, on his plea of guilty, convicting him of robbery in the first degree, unarmed, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN B. MEYERS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Kings County, dated February 27, 1951, denying, without a hearing, his application to vacate a judgment of said court rendered June 11, 1937 on his plea of guilty, convicting him of manslaughter in the first degree, armed, and sentencing him as a second felony offender to serve a term of 20 to 40 years, plus an additional term of 5 to 10 years under section 1944 of the Penal Law, for being armed. Order affirmed. Defendant claims *inter alia* that, solely through the misrepresentations of his own counsel, he was induced to change his plea from *not* guilty to guilty. Such a claim, even if established, is an inadequate basis for relief (*People* v. *Coniglio,* 299 N. Y. 744). Nor is relief warranted by the claim of incompetence of counsel (*People* v. *Tomaselli,* 7 N Y 2d 350). The sentence of 20 to 40 years as a second felony offender and the additional punishment imposed under section 1944 of the Penal Law were warranted by defendant's plea of guilty to manslaughter in the first degree, armed. Once an additional sentence under section 1944 is imposed, it may not be concurrent with, but must run consecutive to the sentence for the underlying felony or crime. Hence, here both sentences were properly recorded as a sentence of 25 to 50 years (*People ex rel. Markov* v. *Brophy,* 284 N. Y. 323). In any event a *coram nobis* proceeding may not be invoked to correct a nonjurisdictional error appearing on the face of the record with respect to a sentence (*People* v. *Johnson,* 283 App. Div. 887). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.