**UNITED STATES of America ex rel. Anthony SCARNATO, Petitioner,**

v.

**J. E. LaVALLEE, as Warden of Clinton Prison, Dannemora, New York, Respondent.**

**Civ. No. 8981.**

United States District Court
N. D. New York.

July 14, 1962.

Anthony Scarnato, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen., of New York, Albany, N. Y., Raymond B. Madden, Asst. Atty. Gen., Albany, N. Y., of counsel, for the United States.

Edward S. Silver, Dist. Atty., Kings County, Brooklyn, N. Y., William I. Siegel, Asst. Dist. Atty., Brooklyn, N. Y., of counsel, for respondent.

JAMES T. FOLEY, District Judge.

The petitioner, a state prisoner, filed for a writ of habeas corpus. His hand-

written petition, well-written and concise, presented two alleged federal questions not the usual run-of-the-mill type made in the numerous applications for habeas corpus filed by state prisoners in this District. For that reason I issued an Order to Show Cause, as is my practice when substance may be present, to the Attorney General of New York and the District Attorney of Kings County where the petitioner was convicted after trial by jury in 1954. Detailed affidavits in opposition have been filed in behalf of both. Assistant District Attorney Siegel, in his customary cooperative and fair presentation of the prosecution's side in these matters, came from Brooklyn to Albany to appear and furnished me the typewritten stenographic minutes of the trial and a bound volume containing the briefs filed by the prosecution and defense in the Appellate Division, Second Department. These records have been most helpful.

The petitioner was convicted after trial of the crimes of Rape in the First Degree, Assault in the Second Degree on three counts, Sodomy and Kidnapping, and sentenced to an indeterminate term, the minimum being twenty years and the maximum to be his natural life. The judgment of sentence is dated February 24, 1954. He was represented at the trial by Attorneys Herbert J. Kaplain and Herbert Sachs, Jr.

Apparently, a notice of appeal was filed but not prosecuted or heard and decided until 1960 by the Appellate Division, Second Department, after that Court on its own motion granted leave to this petitioner/defendant to appeal as a poor person on the original papers, records and typewritten briefs. The Appellate Division unanimously affirmed the judgment of conviction February 23, 1960, by memoranda order and without opinion. (People v. Scarnato, 10 A.D.2d 646, 197 N.Y.S.2d 247). Attorney Sachs appeared for and briefed the appeal for the petitioner. According to copies of letters attached to the petition, Chief Judge Desmond, by a first letter dated September 26, 1960, replying to a letter from the petitioner, advised that permission to appeal from the affirmance of the Appellate Division, Second Department, dated February 23, 1960, could not be granted. The stated reason was lack of jurisdiction in the Court of Appeals, New York, since the application was not made within the thirty-day period required by Section 521 of the Code of Criminal Procedure, New York. Reargument of the appeal was then sought in the ·Appellate Division and denied. (13 A.D.2d 664, 215 N.Y.S.2d 472). Chief Judge Desmond of the Court of Appeals, New York, by letter dated June 26, 1961 again denied permission to appeal to that Court for the stated reason that such denials of reargument in the Appellate Division are not appealable by law to the Court of Appeals. Certiorari was denied October 16, 1961 by the Supreme Court. 368 U.S. 880, 82 S.Ct. 129, 7 L.Ed.2d 80.

■ There is at the outset a formidable barrier to the entertainment of this petition in view of federal statute and its general judicial construction as to exhaustion of available state remedies. (28 U.S.C.A. § 2254). The procedures involved in the appellate review in this matter and the failure to apply timely for leave to appeal to the Court of Appeals, with effort to revive by motion for reargument in the Appellate Division, are similar to those in U. S. ex rel. Kozicky v. Fay, 2 Cir., 248 F.2d 520. In that authority it was flatly held that failure to appeal to the Court of Appeals, New York, caused by the prisoner's own inaction prohibits federal intervention. There is also discussed therein the obstacles or impediments that might excuse the failure to perfect state appeals, but there is no showing here of any such difficulty. The reasoning and conclusion in Kozicky in this respect is emphasized to be based upon the fact that the state remedy was present which might have been availed of, no matter the financial circumstances of defendant or lack of the assistance of counsel. There is substantial writing to the same effect in the Court of Appeals, Second Circuit, and more important in the writings of our

highest judicial authority to the same effect that failure to use a state's available remedy, in the absence of some interference or incapacity, bars federal habeas corpus. (U. S. ex rel. Cuomo v. Fay, 2 Cir., 257 F.2d 438; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, 344 U.S. 443, 485–487, 73 S.Ct. 397, 97 L.Ed. 469; Irvin v. Dowd, 359 U.S. 394, 404–407, 79 S.Ct. 825, 3 L.Ed.2d 900). The unique circumstances relied upon for the single shift of position in U. S. ex rel. Noia v. Fay, 2 Cir., 300 F.2d 345, cert. granted 82 S.Ct. 1140, are not present here.

■ However, there is an odd situation that should be discussed. Two of the contentions advanced by the petitioner, in my judgment, lack federal substance. One involves the admission of evidence at the trial claimed to be prejudicial which is purely a state question from the nature of the evidence. Errors in the application of state law are not denial of due process. (Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683). The other involves the exclusion of the public from the courtroom during the trial. The brief of the prosecution in the Appellate Division does not concede that such was done, but argues that in such case involving rape and sodomy the Court has the power by law to exclude all persons excepting jurors, witnesses and officers of the Court. The record of the trial contains not a word or reference to an order or announcement of exclusion by the trial Judge. It is interesting to note that the trial minutes disclose that a motion was made by the defense to exclude all witnesses from the courtroom until they testified, and such motion was granted. The defense by such motion made the trial less public than it claims the Judge did. In any event, the brief of the defendant in the Appellate Division does not state that objection was made to exclusion of the public, if such was done by the trial Judge. Considering the fact that such exclusion is supported by the law of New York and may not be a federal question, the chief obstacle is not overcome inasmuch as federal constitutional rights may be waived by failure to object. (Judiciary Law, New York, McKinney's Consol. Laws, c. 30, § 4; People v. Jelke, 308 N.Y. 56, 123 N.E.2d 769, 48 A.L.R. 2d 1425; cf. United Press Associations v. Valente, 308 N.Y. 71, 85, 123 N.E.2d 777; U. S. ex rel. Reid v. Richmond, 2 Cir., 295 F.2d 83, 89, cert. den. 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344). The federal question must be raised in the trial record and not in the briefs. (Lynch v. New York, 293 U.S. 52, 54, 55 S.Ct. 16, 79 L.Ed. 191).

■ The important claim, in my opinion, relates to the possible exclusion from the jury panel of women by the trial Judge during the selection of jurors. Again, the trial record has no mention in it of such occurrence. The brief of Attorney Sachs in the Appellate Division contended that after he had examined one prospective woman juror, and after she stated she could not render a fair and impartial verdict as the facts had been outlined by the Assistant District Attorney, without notice to the defense counsel or defendant, all prospective female jurors were removed from the courtroom. The brief is hazy as to the person responsible for this decision and does not specify it was the Judge. The trial record contains no reference to the incident, nor to objection and statement, directly or indirectly, of defense counsel concerning it. Significantly, however, the brief of Mr. Sachs does state that the attorney for the defendant objected immediately to the removal of female jurors "but to no avail". It is important to note that in a copy of an affidavit attached to the petition, Attorney Sachs avers that the dismissal of women from the panel of jurors was done by the Judge *peremptorily* and *without* his consent. There is a world of difference legally in these positions, (1) that the act was done over objection, and (2) was done without consent. As stated previously, federal constitutional rights may be waived by failure to object on the

record. It is unfortunate, in my judgment, to have a situation where the affidavit of Assistant District Attorney De Meo, who prosecuted the case, contradicts seriously the sworn statement of Attorney Sachs by stating the trial Court did not order the exclusion of women jurors from the panel. It would seem there is no gray area here that might permit feeling of mistake. Someone is absolutely right and the other wrong. A simple hearing may ferret and settle the truth of the situation.

I am not as confident as Mr. Siegel that exclusion in the manner claimed by the petitioner, if valid objection had been made, may not have federal substance. In Fay v. New York, 332 U.S. 261, 277–278, 67 S.Ct. 1613, 91 L.Ed. 2043, it was stated as significant that the evidence did not show women were excluded from the special jury panel. In the recent case, Hoyt v. Florida, 368 U.S. 57, 69, 82 S.Ct. 159, 7 L.Ed.2d 118, Justice Harlan again states as the reason for the Court's conclusion that there was no substantial evidence that Florida had arbitrarily undertaken to exclude women from jury service.

As previously stated, I feel the petitioner is barred from federal relief because of the lapse in exhaustion of state remedies to include timely application to the Court of Appeals of New York. It may be coram nobis would be entertained in New York. Supremacy clause notwithstanding, I never want to appear as a federal judge unduly inclined to advise the competent Courts of New York how to handle their own responsibilities. Here the alleged incident as to exclusion of women does not appear in the record. (People v. Sullivan, 3 N.Y.2d 196, 198, 165 N.Y.S.2d 6, 144 N.E.2d 6; People v. Caminito, 3 N.Y.2d 596–601, 170 N.Y. S.2d 799, 148 N.E.2d 139; U. S. ex rel. Williams v. LaVallee, 2 Cir., 276 F.2d 645, 648).

The petition is denied and dismissed. The papers shall be filed without the usual requirement for the prepayment of fees, and it is

So ordered.