■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUTH FARNUM, Appellant, v. SUPERINTENDENT OF MATTEAWAN STATE HOSPITAL, Respondent.—In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, dated November 1, 1961 and entered November 16, 1961, which failed to sustain the writ " on the legal grounds requested " and set the matter down for a hearing " to determine whether the petitioner is presently competent to face trial." Appeal dismissed. An intermediate order in a habeas corpus proceeding is not appealable (Civ. Prac. Act, § 1274; *People ex rel. Duryee* v. *Duryee*, 188 N. Y. 440; *People ex rel. Wysocki* v. *Webster*, 268 App. Div. 811; *Matter of Schwartz* v. *Zimmerman*, 275 App. Div. 852; *People ex rel. Behar* v. *Behar*, 8 A D 2d 958). Ughetta, Acting P. J., Kleinfeld, Rabin and Hopkins, JJ., concur; Brennan, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO DEGBRINA, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.—In a habeas corpus proceeding, the relator appeals from a decision (misdescribed by him as an " order ") of the Supreme Court, Dutchess County, dated June 28, 1962, denying his application for a rehearing of a previous decision which, after a hearing, dismissed the writ and remanded him to the custody of the respondent. Relator seeks to vacate a judgment of the County Court, Westchester County, rendered November 10, 1938 on his plea of guilty, convicting him of robbery in the first degree, and sentencing him to serve a term of 10 to 30 years, plus a term of 5 to 10 years for being armed while committing the robbery. The relator contends that he was not advised of his right to counsel of his own choosing and that the additional term of 5 to 10 years imposed upon him was void. Appeal dismissed. It is clearly disclosed by the record that defendant's notice of appeal was served after the decision (rendered June 28, 1962) but prior to the making and entry of the orders dismissing the writ and denying the application for rehearing. Hence, the appeal must be deemed to be from such decision; and no appeal lies from a decision of the court. We have examined the merits, however, and have concluded that, if the appeal were not dismissed, we would affirm the Special Term's disposition in any event (see *People* v. *Degbrina*, 10 A D 2d 646; see, also, *People* v. *Johnson*, 283 App. Div. 887). Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.