■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEO ANDREACCHIO, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated March 31, 1964, which granted defendant's motion and which dismissed the indictment charging him with incest and assault in the second degree, on the ground that insufficient legal evidence had been adduced before the Grand Jury to warrant the indictment. Order reversed on the law; motion denied, and indictment reinstated. In our opinion, the evidence presented to the Grand Jury was the equivalent of prima facie proof that the crimes charged had been committed by the defendant (*People* v. *Peetz*, 7 N Y 2d 147, 149). The decisions in *People* v. *Oyola* (6 N Y 2d 259) and *People* v. *Porcaro* (6 N Y 2d 248) do not require corroboration of the sworn testimony of the 14-year-old complainant in order to return an indictment for incest and assault in the second degree. A court has no alternative but to deny a motion to set aside an indictment on the ground that there was insufficient evidence before the Grand Jury, when that body has acted

upon evidence sufficient, "if unexplained or uncontradicted" (Code Crim. Pro., § 251), to warrant a conviction by the trial jury (*People* v. *Donahue*, 309 N. Y. 6, 7; cf. *People* v. *Eckert*, 2 N Y 2d 126, 129). Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.