1

THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. FRANK J. FLORA, Appellant.— Order affirmed. Memorandum: It appears from the petition that the sentencing court pronounced sentence with knowledge of all the facts upon which the petitioner now relies. The mere allegation that the court failed to consider such facts so known to him is the conclusion of the petitioner and does not raise a question of fact requiring a hearing. All concur, except Vaughan and Kimball, JJ., who dissent and vote for reversal and for remitting the proceeding to the Monroe County Court for a hearing, in the following memorandum: The moving papers show prima facie that petitioner was an adjudicated incompetent person at the time of his plea and sentence in 1928. The court below has held that as matter of law *coram nobis* was not a proper remedy. However, the record before us raises a question of fact as to whether the sentencing court exercised its judicial judgment and discretion on the question of the sanity of the petitioner and his capacity to understand the nature of the proceeding or to make his defense either at the time of his arraignment, at the time his plea of not guilty was withdrawn and a plea of guilty entered, or at the time that sentence was imposed. The court has not passed upon the question of fact presented by the petition. In the absence of such a determination, we reach the conclusion that the order denying petitioner's application for a writ of error in the nature of *coram nobis* should be reversed and the matter remitted to the Monroe County Court for a hearing and determination of the issues raised by the petition. (See Penal Law, § 1120; Code Crim. Pro., § 836, in effect in 1928; *People* v. *McElvaine,* 125 N. Y. 596; *Youtsey* v. *United States,* 97 F. 937; *People* v. *Richetti,* 302 N. Y. 290.) (Appeal from an order denying petitioner's application for an order *coram nobis* expunging from the records a judgment of conviction.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.