THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS PALUMBO, Appellant.—Defendant appeals from an order of the County Court, Kings County, dated April 10, 1953, and from an order of said court, dated June 2, 1953, resettling said order and denying a motion for a new trial on the ground of newly discovered evidence. Appeal dismissed. The resettled order is not appealable. Prior to 1947, section 517 of the Code of Criminal Procedure provided that an appeal by a defendant might be taken to the Supreme Court only from the judgment on a conviction after indictment, and that on such an appeal any actual decision of the court in an intermediate order or proceeding, forming part of the judgment roll, might be reviewed. Under the statute as it then existed no appeal could be taken from an order denying a motion for a new trial on the ground of newly discovered evidence, and such an order could be reviewed only on an appeal from the judgment, if it formed part of the judgment roll. (*People* v. *Trezza,* 128 N. Y. 529; *People* v. *Caplin,* 263 App. Div. 882.) In 1947, the statute was amended so as to permit an appeal from an order denying a motion to vacate a judgment of conviction. Thereafter, this court determined that an independent appeal might be taken from an order denying a motion to vacate a judgment of conviction and for a new trial on the ground of newly discovered evidence, under the express provision of the statute as amended. (*People* v. *Greenfield,* 275 App. Div. 862.) Thereafter, in 1953, and prior to the making of the order appealed from, the statute was again amended and now provides that an appeal from such an order may be taken if the order is one which denies a motion to vacate a judgment of conviction, otherwise known as a motion or application for a writ of error *coram nobis.* The 1953 amendment limits the right of a defendant in a criminal action to appeal to this court and was intended, in our opinion, to restrict the right of review, except on appeal from a judgment of conviction, to appeals from orders denying motions to vacate such judgments, on grounds which would make available the remedy of a writ of error *coram nobis,* as recognized in this State, or in other jurisdictions in which the writ, or a similar remedy, is available. Although the precise limits of the functions of the writ are difficult to define, its use has been sanctioned in this State only in cases involving judgments procured by fraud, coercion or duress, or otherwise in violation of a defendant's constitutional rights, and then only if the asserted error could not have been corrected on appeal, or by resort to other statutory procedure. (See *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1 and *People* v. *Sadness,* 300 N. Y. 69.) We find no decision in this State which permits the remedy to be invoked for newly discovered evidence, and it is well settled, in other jurisdictions, that it may not be invoked on that ground, particularly if, as in the instant case, the newly discovered evidence touches exclusively the merits of the issue actually tried and determined by the judgment. (*George* v. *State,* 211 Ind. 429; *Sharpe* v. *Commonwealth,* 284 Ky. 88; *People* v. *Vernon,* 9 Cal. App. 2d 138; *Humphreys* v. *State,* 129 Wash. 309; *Howard* v. *State,* 58 Ark. 229.) We have, however, examined the merits, and have concluded that we would affirm the order appealed from, if the appeal were not dismissed. Whether a new trial should be granted is a matter which rests in the sound discretion of the trial court (*People* v. *Patrick,* 182 N. Y. 131, 178; *People* v. *Shilitano,* 218 N. Y. 161), and the record presented does not indicate any improper exercise of that discretion in the

instant case. Appellant's right to appeal was not in any way prejudiced by the trial court's delay in determining the motion, since there was no right of appeal under the statute as it existed when the motion was made. Appeal from order dated April 10, 1953, dismissed. The order was vacated by the terms of the resettled order. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.