THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HERBERT DOWNIE, Defendant.

County Court, Kings County, April 1, 1954.

*Edward S. Silver, District Attorney* (*William I. Siegel* of counsel), for plaintiff.

*Nathan R. Schor* for defendant.

Sobel, J. This is an application in nature of *coram nobis*. Prisoner raises only a question of law. No hearing is necessary.

The prisoner was thirteen years of age on May 25, 1943, when he was indicted for murder first degree. He was fourteen when he was permitted to plead to murder, second degree and was sentenced on a judgment of October 19, 1943, to fifty years to life by a judge of this court. The plea was accepted after several days of trial.

The defendant contends that a minor of his age could not legally be tried for murder in the first degree and sentenced for the crime of murder in the second degree.

Although that harsh law was subsquently changed, a defendant who was in 1943 over the age of seven years could be tried for murder.

At that time, 1943, section 486 of the Penal Law which defines juvenile delinquency read " any child over seven and under sixteen years of age  *  *  *  who commits any act which if committed by an adult would be a crime not punishable by death or life imprisonment ". (L. 1943, ch. 477.) Section 2186 of the Penal Law which provides for sentencing of minors to imprisonment contained the same definition. Thus any crime which was punishable by death or life imprisonment was not included in the definition of juvenile delinquency.

The defendant was convicted and sentenced legally as the law existed in 1943.

But by chapter 553 of the Laws of 1948, effective March 29, 1948, the law was changed. A minor under the age of fifteen years even if he committed a crime punishable by death or life imprisonment was to be treated as a juvenile delinquent. And further provision was made for special treatment of a minor fifteen years of age who commits such a crime. In the discretion of the court or District Attorney, such a fifteen-year-old child could have his case transferred to the Children's Court. By chapter 388 of the Laws of 1949, effective September 1, 1949, conforming amendments were made to section 2186 of the Penal Law.

Thus if the crime in question had been committed after March 29, 1948, the defendant would have been treated as a juvenile delinquent not as a murderer and would not be serving a sentence of fifty years to life. So, the law progresses.

The defendant contends that the new laws should be construed retroactively. The enacting clauses do not so provide. I have noticed that recent amendments to the Penal Law and Code of Criminal Procedure do not contain proper enactment clauses

providing that such laws are to apply either to all crimes thereafter committed or all indictments thereafter found, or if retroactive to what extent. Such neglect always results in confusion. It had been common practice to include such provisions and that practice should be resumed.

If this defendant had not been sentenced prior to March 29, 1948, I might hold that the new laws applied to him even though at the time of commission of the crime, he could be tried and convicted of murder. But by no construction can I hold that such amendments were intended to apply to those already convicted and sentenced. To have such effect there must be specific provision in the enacting clause.

I add that this case has been presented to the Governor for executive clemency and might be considered if the prisoner's conduct in prison had warranted such consideration.

The District Attorney will submit order and serve same together with a copy of this memorandum opinion on the defendant in person, Box B, Dannemora, N. Y.