THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWIN CODARRE, Defendant.

County Court, Dutchess County, December 7, 1954.

*Allen Ducker* for defendant.

*Raymond C. Baratta, District Attorney,* for plaintiff.

GRADY, Acting County Judge. The defendant moves in a *coram nobis* proceeding, for a hearing to have the petitioner produced, and to vacate and set aside the judgment of conviction of murder, second degree, hereinbefore entered in this court, on the 23d day of November, 1943.

The incumbent Dutchess County Judge JOHN R. SCHWARTZ has disqualified himself by reason of the fact that he was District Attorney of Dutchess County during the prosecution of defendant and has certified this matter to the Surrogate of Dutchess County, as Acting Dutchess County Judge, pursuant to the provisions of section 44 of the Code of Criminal Procedure.

In support of his application, the defendant, who is presently confined in Great Meadow Prison, at Comstock, New York, under said judgment of this court, urges three grounds as a basis for the relief sought,

(1) that he was legally insane at the time of his plea of guilty and at the time of sentence

(2) that he was not adequately represented by counsel before and when entering the plea of guilty, and

(3) that by virtue of his illness and because of his extreme youth, defendant did not have the mentality to interpose a plea of guilty.

The defendant, a thirteen-year-old boy, was indicted on August 26, 1943, charged with the crime of murder in the first degree. Thereafter he pleaded not guilty and was assigned two defense counsel by the court. He proceeded to trial on November 15, 1943; and on November 23, 1943, after seven days of trial, he withdrew his plea of not guilty and entered a plea of guilty to murder in the second degree. On December 6, 1943, he was sentenced to State Prison by Hon. J. Gordon Flannery, then a Judge of this court, for an indeterminate term of from thirty years to life.

The People, by Hon. Raymond C. Baratta, District Attorney of Dutchess County, oppose this application and refer to the case record to disprove the contentions of the defendant.

A perusal of the record in the *Codarre* case shows: (1) that defendant's mental condition was fully disclosed to the then presiding Dutchess County Judge J. Gordon Flannery, at a conference in chambers on November 22, 1943, prior to his acceptance of a plea. The minutes of that conference show that four psychiatrists, two retained for the defendant and two retained by the People, after having examined defendant, discussed his mental condition with the court in the presence of defense counsel. Three agreed that Edwin Codarre was legally sane and one that he was not. The dissenting opinion was voiced by one of the two psychiatrists retained for defendant who stated that he thought defendant was suffering a form of epilepsy.

Although no formal adjudication was had under section 658 of the Code of Criminal Procedure, it appears from this record that the court had full knowledge of the mental condition of the defendant, and having that knowledge based on the opinion of three reputable psychiatrists that defendant was legally sane, it was his judgment to accept the plea. In *People ex rel. Harrison* v. *Jackson* (298 N. Y. 219, 228), Judge Fuld in his concurring opinion stated, " No exhaustive discussion is necessary to establish the propriety of *coram nobis,* at least in certain instances, to vacate a judgment convicting a juvenile offender of a felony. *From time immemorial that remedy was employed to call up facts unknown to the court at the time of judgment — facts which affected the validity and regularity of the judgment itself, facts which, if known, would have precluded the judgment rendered.*" (Italics added.) Following this line of reasoning the writ of error *coram nobis* is not the proper remedy to question the reasonableness of the judgment of the court having full knowledge of the facts.

(2) The record shows that Alexander C. Dow, Esq., and Joseph ·H. Gellert, Esq., both of Poughkeepsie, N. Y., were assigned by the court as counsel to represent Edwin Codarre. Both were and are active trial attorneys in Dutchess County. Mr. Dow, previous to the *Codarre* case, had been defense counsel in many other homicides going back a number of years. Both counsel were men whose standing at the Bar and character had been certified by the trial judge by the very fact of their appointment by him in a capital case. The court therefore takes judicial notice of the integrity and experience of both assigned attorneys. The defendant does not claim that his assigned counsel were incompetent, but rather that they inadequately represented him. The murder-first-degree-trial lasted seven days prior to the plea to murder in the second degree. No minutes of the trial are available for the court to review but the trial court during those seven days and at the time of plea, had ample opportunity to observe the adequacy of the defense. But his acceptance of the plea of defendant to a lesser charge indicated his approval of the action of defense counsel. Nothing has been submitted by defendant to substantiate his claim of inadequacy of representation except facts shown to be within the knowledge of the court. In *People* v. *De Bernardo* (199 Misc. 563, 569), citing *United States ex rel. Feeley* v. *Ragen* (166 F. 2d 976, 980), it was held, " indubitably, the defendant was entitled to the conscientious services of adequate and competent counsel \* \* \*. The test, however, is whether the alleged incompetency of his counsel deprived the defendant of his right to adequate legal representation as to make his conviction a mockery of justice."

Certainly, no such mockery of justice occurred in the instant case.

(3) The purpose of the writ of error *coram nobis* is to bring the fact of infancy to the court's attention if previously undisclosed. See *People ex rel. Harrison* v. *Jackson* (298 N. Y. 219, *supra*) wherein Judge FULD stated (p. 228), " And such an application of coram nobis would be perfectly consistent with the function of its ancient counterpart, for one of the earliest uses of the writ was *to bring the fact of infancy, if previously undisclosed, to the attention of the court* which had rendered judgment." (Italics added.) The record of the *Codarre* case disclosed that the age of the defendant (thirteen years) was known to the court, the defense attorneys and to the psychiatrists at the time of plea.

In *People* v. *Richetti* (302 N. Y. 290, 294) it was held that a convicted defendant moving by way of *coram nobis* to set aside his conviction on alleged grounds sufficient, if proven, for such purpose and *not conclusively shown by opposing papers to be false,* may not be denied a trial of those sworn allegations if properly demanded. (Headnote; italics added.)

This case further holds that the *coram nobis* type motion has been held, under due process, the appropriate corrective judicial procedure to remedy an alleged wrong. One swearing to allegations of such wrong *and not conclusively refuted by unquestionable documentary proof contra* must have a trial in open court if he wants one. (Headnote; italics added.)

In the opinion of this court, the opposing papers of the People and the documentary proof in the instant case conclusively refute the contentions of the defendant Edwin Codarre, in all respects.

The defendant urges by way of reply memorandum although no mention of it is made in his petition that the failure of the District Attorney in the *Codarre* case to file a statement pursuant to section 342-a of the Code of Criminal Procedure, setting forth his reasons for recommending the acceptance of a plea to a crime of a lesser degree, nullifies the judgment of the court. He refers to *Matter of McDonald* v. *Sobel* (272 App. Div. 455) for his authority. However, a perusal of that case indicates that District Attorney Miles McDonald of Kings County opposed the acceptance of a plea to a lesser crime by Kings County Judge Nathan R. Sobel. It was held that the court was without power to accept such plea unless a statement recommending it was filed pursuant to section 342-a by the District Attorney. The instant case is readily distinguishable, as the clerk's minutes of Dutchess County Court show that District Attorney Schwartz, in open court on November 23, 1943, recommended the acceptance of a plea to murder in the second degree, a lesser degree than that charged.

Although no statement can be found on file as required by section 342-a of the Code, it is the opinion of this court that its absence does not nullify the judgment. The theory behind the *McDonald* case, was to prevent lesser pleas being accepted by courts without the written recommendation of the District Attorney. The court fails to see any merit in defendant's claim of injury in the instant case for the defendant was permitted to plead to a lesser degree of crime by the court, on the oral recommendations of the District Attorney.

Therefore, it is the decision of this court that the defendant is not entitled to a hearing and the motion for a writ of error *coram nobis* should be denied.

Accordingly the application of said defendant is denied in all respects.

Submit order.