THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN CODARRE, Appellant.— Defendant appeals from an order of the County Court, Dutchess County, denying, without a hearing, a motion in the nature of *coram nobis* to vacate a judgment convicting him of the crime of murder in the second degree, entered upon his plea of guilty. In 1943, defendant, then thirteen years of age, was indicted and placed on trial for the crime of murder in the first degree. During the trial, he was permitted to plead guilty to the crime of murder in the second degree and was subsequently sentenced to imprisonment for a term of from thirty years to life. Permission to withdraw the original plea of not guilty and to plead guilty to the reduced charge was granted by the trial court upon the request of defendant's counsel and with the consent of the District Attorney, after a conference attended by the court, counsel and four alienists. At that conference, the question of defendant's sanity was discussed at length and it was the opinion of three of the doctors that defendant was legally sane at the time of the commission of the crime and thereafter. One doctor was of the opinion that defendant was legally insane at the time of the commission of the crime because he suffered from epilepsy. The instant application is based upon the claim that defendant was legally insane at the time of his plea of guilty and at the time of sentence and that he was not adequately represented by counsel on those occasions. He also contends that the conviction was rendered void because of the failure to file the statement required by section 342-a of the Code of Criminal Procedure. Order affirmed. In our opinion, under the facts presented by this record, the remedy of *coram nobis* is unavailable to raise the question of defendant's insanity at the time of his plea and sentence. The question of his sanity was before the court during the trial and at the time the plea was accepted and it could have been raised upon his arraignment for judgment. (Code Crim. Pro., § 481.) The writ of error *coram nobis* may not be invoked under such circumstances. (Cf. *People* v. *Sadness,* 300 N. Y. 69, 73–74; *People* v. *Palumbo,* 282 App. Div. 1059; *People* v. *Flora,* 281 App. Div. 946, affd. 306 N. Y. 615, and *Blodgett* v. *State,* 245 S. W. 2d 839.) Defendant's contention that he was not adequately represented by counsel is predicated upon the fact that they recommended his change of plea. On this record, it does not appear that their advice was so erroneous as to constitute a deprivation of fundamental rights or to make the conviction "a mockery of justice." (Cf. *People* v. *De Bernardo,* 199 Misc. 563, 569, mod. on other grounds 282 App. Div. 920.) The failure to comply with the provisions of section 342-a of the Code of Criminal Procedure did not render the judgment of conviction void. *Matter of McDonald* v. *Sobel* (272 App. Div. 455, affd. 297 N. Y. 679), relied on by defendant, is not authority in support of his contention.

That case holds that the County Court is without authority to accept a lesser plea over the objection of the District Attorney. In the instant case, the District Attorney did not object to the plea to murder in the second degree and the cited case has no application. The failure to submit and file the written statement, if it is assumed that one was required, was a mere irregularity which did not make the subsequent proceedings a nullity or impair the sentence imposed. Nolan, P. J., Wenzel, MacCrate, Beldock and Ughetta, JJ., concur. [206 Misc. 950.]