■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS GIRARDI, Appellant.— Appeal from an order of the County Court, Queens County, entered after a hearing, denying appellant's application in the nature of a writ of error *coram nobis* to vacate a judgment of said court rendered on August 17, 1950, convicting him of murder in the second degree. Appellant contends that he was not adequately represented by trial counsel, in that, without appellant's knowledge, his trial counsel also represented a prosecution witness who, with another prosecution witness, had been indicted for crimes, committed with the aid of the deceased, but not connected with the crime for which appellant was being tried, and that as a result of conflicting interests and divided loyalties there was no proper and effective cross-examination of such witnesses. Order affirmed. The County Judge, who presided at the trial and who granted the application to the extent of directing a hearing, found and decided that appellant "was not deprived of a fair trial and that none of his statutory and constitutional rights were violated." We shall assume that appellant was entitled to reasonably competent counsel. He was not entitled to infallible counsel (*People* v. *De Bernardo,* 199 Misc. 563, 569, mod. on other grounds 282 App. Div. 920; *People* v. *Codarre,* 285 App. Div. 1087; *United States* v. *Ragen,* 166 F. 2d 976, 980–981). We shall assume further that appellant may base his motion on the alleged misconduct of his retained counsel in failing to notify appellant that he represented the witness and on the alleged errors in cross-examination (see, e.g., *Hayman* v. *United States,* 187 F. 2d 456, mod. on other grounds, 342 U. S. 205; 205 F. 2d 891, cert. denied 346 U. S. 860). On an application in the nature of a writ of error *coram nobis* to vacate a judgment of conviction, the applicant has the burden of proof to show that his constitutional and statutory rights were infringed (*People* v. *Oddo,* 283 App. Div. 497; *People* v. *Barber,* 276 App. Div. 1040). The alleged derelictions of trial counsel in failing to elicit specified information on cross-examination must be considered with regard to the admissibility of the evidence (see, e.g., *Losieau* v. *United States,* 177 F. 2d 919, 922). Upon this record, a finding is warranted that the attorney's actions were not such as to deprive appellant of fundamental rights or of effective representation (see, e.g. *People* v. *Codarre, supra; Hayman* v. *United States,* 205 F. 2d 891, *supra*). Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.