W. Vincent Grady,
Surrogate and Acting County Judge. The defendant herein makes application for a hearing on a writ of error, coram nobis, to vacate the judgment of conviction of murder second degree rendered against him in this court on December 6, 1943. A previous application claiming insanity, inadequate representation and extreme youth was denied by this court (206 Misc. 950, affd. 285 App. Div. 1087).
The People, by Honorable Raymond C. Baratta, District Attorney of Dutchess County, in person, oppose the present application.
*146 The incumbent Dutchess County Judge John E. Schwartz has disqualified himself by reason of the fact that he was District Attorney of Dutchess County during the prosecution of defendant and has certified this matter to the Surrogate of Dutchess County as Acting Dutchess County Judge, pursuant to the provisions of section 44 of the Code of Criminal Procedure.
The record discloses that the defendant, a 13-year-old boy was indicted on August 26, 1943, charged with the crime of murder in the first degree involving the killing of a 10-year-old girl. Thereafter he pleaded “ not guilty ” and the court assigned two defense counsel, Alexander C. Dow, Esq., and Joseph H. Gellert, Esq. He proceeded to trial on November 15, 1943, and on November 23, 1943, after seven days of trial, defendant withdrew his plea of 1 ‘ not guilty ’ ’ and entered a plea of 1 ‘ guilty ’ ’, to murder in the second degree. On December 6, 1943, he was sentenced to State prison by the late Honorable J. Gordon Flannery, then a Judge of this court, for an indeterminate term of from 30 years to life.
In support of his application, the defendant, who is presently confined in Clinton Prison, Dannemora, New York, under said judgment of this court, alleges as a basis for the relief sought that:
(1) The plea was improper in that there was no actual plea of guilty by defendant, and that the plea was a nullity, because it was in reality taken by defendant’s mother, and that no inquiry was made by the court as to defendant’s guilt or innocence, and no admonition was given by the court that by pleading guilty defendant was admitting guilt to a reduced extent of the crime charged.
(2) The plea was obtained by coercion in that the court in effect condoned a plea obtained through fear and thus became a party to a coerced plea.
(3) The plea was a nullity because of defendant’s age of 13 years, he was incapable of pleading guilty independently on his own volition, and that by reason of the age of defendant with resultant intellectual and emotional immaturity, he was incapable of making a momentous decision.
In answer, the District Attorney submits the stenographic case record to refute the allegations of defendant. It is quoted as follows:
the court : Edwin Codarre, will you come to the bench, please, and Mrs. Bishop, will you come up? Mr. Dow, may I have the privilege of talking with this young man and his mother?
hr. now: Yes.
*147 the court: Mrs. Bishop, I direct my remarks to you first. I assume you have talked with your counsel appointed to defend your son?
mrs. bishop: Yes, sir.
the court: Have you discussed this question of a plea?
mrs. bishop: Yes, sir.
the court: You have heard the suggestion from Mr. Dow that your son be permitted to withdraw his plea of not guilty to murder in the first degree and plead guilty to murder in the second degree? You have heard that, have you?
mrs. bishop: Yes, sir.
the court: Do you acquiesce in that request?
mrs. bishop: I do to this extent, that I am convinced beyond a doubt that he needs some medical attention.
the court: The question is, do you acquiesce in your son taking a plea to murder in the second degree?
mrs. bishop: If that saves him from the electric chair, that’s agreeable.
the court: I can say as a matter of law that it does. Do you desire to acquiesce in that plea and have your son plead to murder in the second degree ? mrs. bishop: Yes, sir.
the court: Now, Edwin, you have also heard the counsel appointed to defend you in this plea this morning, have you not?
edwin codarre : Yes, sir.
the court: And did you understand what Mr. Dow said?
edwin codarre: Yes, sir.
the court : Did you understand him to say that it was your desire to withdraw your plea to Murder in the First Degree and to plead guilty to Murder in the Second Degree? Did you hear him so state that?
edwin codarre: Yes, sir.
the court : Do you know what that means ?
edwin codarre: Yes.
the court : It means that it is a lower or reduced charge. In fact, the only reduced charge that I know of that you could plead to. Do you want to plead guilty to murder in the second degree, and do you want to withdraw your plea of not guilty to murder in the first degree?
edwin codarre: I will take the one that Mr. Dow said.
the court: This is murder in the second degree, is that correct?
edwin codarre: Yes, sir.
the court: I am glad this has happened. I don’t know whether you are innocent or guilty. That’s not for me to decide. That’s the province of the jury, but I join in with the District Attorney and your counsel because of your age, Edwin. I don’t think that the people of Dutchess County and I don’t think the jury that is sitting in your case, and I cannot be sure, but I think I can speak for them, I don’t think the District Attorney or authorities or the State Police or anyone wanted to see you convicted of murder in the first degree. If you had been, I am satisfied that there is a great Court of Appeals that might still have given assistance. I am also satisfied that we have a type of law in this Country and this State where the Governor has a right to exercise Executive Clemency, and I am sure that the Governor would have done just that in your case, but it won’t be necessary for that to happen, and I am glad this case is winding up as it is, because it would be no pleasure for anyone to send a boy of your age, thirteen years, to the electric chair, and thank God it is not on my shoulders to do that. I am also mindful of the fact there is a little girl of ten. She won’t be here any more. All that may be done won’t bring her back, but she has a mother and father too and *148 they won’t have that little girl any more because she will never come back. I consent and accept that plea of murder in the second degree, and I will sentence you after I get a probation report. I will sentence you on December 6th at 10 o’clock.
In the opinion of this court, the stenographic record of the Codarre plea does not support the contention of the defendant that his plea was improperly and illegally obtained. There was no coercion indicated and defendant in person pleaded to murder in the second degree.
This leaves only a question of law to be decided as to whether the defendant at the age of 13 years, could legally plead guilty to murder in the second degree, in 1943.
This question has already been decided in People v. Downie (205 Misc. 643 [1954]). In that case the defendant moved to vacate his conviction of murder in the second degree entered in 1943, when he was but 13 years of age, on the ground that sections 312-b-312-h of the Code of Criminal Procedure, enacted by chapter 553 of the Laws of 1948, was a retroactive statute, but the court negatived this contention as a matter of law. Section 486 of the Penal Law was amended by chapter 554 of the Laws of 1948, to provide that a minor under the age of 15 years who commits a crime which would be punishable by death or life imprisonment if committed by an adult, would be treated as a juvenile delinquent. However, this law is not retroactive.
The court in the case at bar and in accord with the decision in the Downie case (supra), finds that the defendant Codarre was convicted and sentenced legally as the law existed in 1943.
This conclusion may seem rather harsh on the defendant, because of the subsequent change in the law regarding juvenile delinquents, but in the opinion of this court, Codarre’s remedy is a plea for executive clemency and not coram nobis.
Defendant’s application for a hearing should be denied and his petition for a writ of error coram nobis should be dismissed.