W. Vincent Grady,
Surrogate and Acting County Judge. This application is made by defendant Edwin Codarre for a writ of error coram nobis to vacate the judgment of conviction rendered against him on December 6, 1943 in this court on the ground that a State procedure which permits an epileptic 13-year-old to plead guilty to murder, in any degree, violates the due process clause of the Fourteenth Amendment to the United States Constitution.
The incumbent Dutchess County Judge John B. Schwartz has disqualified himself by reason of the fact that he was District *903 Attorney of Dutchess County during the prosecution of defendant and has certified this matter to the Surrogate pursuant to section 73-a of the Civil Practice Act and section 44 of the Code of Criminal Procedure.
The People of the State of New York through the District Attorney of Dutchess County oppose the application on the ground that defendant was not deprived of the due process guaranteed by the Fourteenth Amendment to the United States Constitution.
After hearing the respective counsel and after reading the memoranda submitted by them and after due deliberation thereon, the court decides and finds as follows:
The facts of the case briefly are that the defendant, a 13-year-old boy, was indicted on August 26,1943, charged with the crime of murder in the first degree, in that he assaulted and killed a 10-year-old girl. Thereafter, he pleaded not guilty and was assigned two defense counsel by the court. He proceeded to trial on November 15, 1943 and on November 23, 1943, after 7 days of trial, he withdrew his plea of not guilty and entered a plea of guilty to murder in the second degree. On December 6, 1943, he was sentenced to State prison by the late Hon. J. Gobdon Fiaxheby, then County Judge, to an indeterminate term of 30 years to life. The mental condition of defendant was fully described to the court at a conference in chambers on November 22, 1943 prior to the acceptance of a plea. The minutes of the conference disclose that four psychiatrists examined defendant. Two were retained by the People and two were appointed by order of the court, on defendant’s application, pursuant to section 308 of the Code of Criminal Procedure. The mental condition of defendant was discussed by the four psychiatrists, with the court, in the presence of defense counsel, but in the absence of defendant. Three psychiatrists agreed defendant was legally sane and one of those appointed for defendant claimed that he was suffering a form of epilepsy and not legally sane. No formal adjudication was had under section 658 of the Code of Criminal Procedure. FoEowing the conference the court accepted defendant’s plea to murder in the second degree with the approval of the District Attorney and defense attorneys.
In 1954 an application was made to this court for a writ of error coram nobis, one of the grounds being that defendant was “ legally insane ” at the time of his plea of guilty and at the time of sentence. The application was denied. (See 206 Mise. 950.) On an appeal to the AppeEate Division of the Supreme Court, Second Department (285 App. Div. 1087), the judgment of the County Court was affirmed, the appeEate court *904 stating: “In onr opinion, under the facts presented- by this record, the remedy of coram nolis is unavailable to raise the question of defendant’s insanity at the time of his plea and sentence. The question of his sanity was before the court during the trial and at the time the plea was accepted and it could have been raised upon his arraignment for judgment. (Code Grim. Pro., § 481.) The writ of error coram nolis may not be invoked under such circumstances. (Cf. People v. Sadness, 300 N. Y. 69, 73-74; People v. Palumbo, 282 App. Div. 1059; People v. Flora, 281 App. Div. 946, affd. 306 N. Y. 615, and Blodgett v. State, 245 S. W. 2d 839.) ”
In 1957, a second application was made to this court for a hearing on a writ of error coram nolis on other grounds and this was denied. (See 8 Misc 2d 145.) On appeal to the Appellate Division, the decision of the lower court was unanimously affirmed. (See 5 A D 2d 1016.) In its memorandum, the appellate court referred to its previous decision as to the 1 ‘ unavailability of the question of appellant’s mental and emotional capacity ” in a coram nolis proceeding.
The only new point raised on the present coram nolis application is that the defendant claims that the plea of guilty to murder in any degree of an epileptic 13-year old violates the due process clause of the Fourteenth Amendment of the United States Constitution. This claim is based on the ‘ ‘ assumption ’ ’ that he was an epileptic when he pleaded guilty on November 23, 1943. Yet, no conclusive proof was ever presented at the trial, nor in chambers, to support this contention. Instead defendant was examined by four psychiatrists and three of them agreed that the defendant was legally sane, with one dissenting and claiming the defendant suffered a form of epilepsy and was not legally sane. Based on the majority opinion of the four psychiatrists the court accepted the plea hereinbefore referred to. The fact, as defendant now claims, that he has had several epileptic seizures in prison, does not in the court’s opinion, alter the conclusion of the psychiatrists or the court that at the time of trial defendant was 1 ‘ legally sane. ’ ’
In any event, in view of the appellate court’s ruling on the unavailability of this question of mental and emotional capacity, in a coram nolis proceeding, the defendant’s application should be denied in all respects.