Froessel, J. (dissenting).
I dissent and vote to affirm.
This is petitioner’s third application for coram nobis relief. In his two prior applications he raised the following points: (1) that he was insane at the time of the commission of the offense, at the time of the plea of guilty and at the time of sentencing; (2) that he was not adequately represented by counsel; and (3) that by reason of his illness — epilepsy—and his extreme youth he was incompetent to plead guilty. Both applications were denied without a hearing, and each denial was affirmed by the Appellate Division, from whose determinations no appeal was taken (People v. Codarre, 206 Misc. 950, affd. 285 App. Div. 1087; 8 Misc 2d 145, affd. 5 A D 2d 1016). Commenting upon petitioner’s claim of insanity, the Appellate Division stated (285 App. Div. 1087): “In our opinion, under the facts presented by this record, the remedy of coram nobis is unavailable to raise the question of defendant’s insanity at the time of his plea and sentence. The question of sanity was before the court during the trial and at the time the plea was accepted and it could have been raised upon his arraignment for judgment (Code Grim. Pro., § 481). The writ of error coram nobis may not be invoked under such circumstances.” (See, also, 5 A D 2d 1016.) *366 By this application, petitioner seeks an order granting him a hearing on the question of whether ‘1 a state procedure which permits a plea of guilty to murder in any degree by an epileptic 13-year-old violates the due process clause of the Fourteenth Amendment to the United States Constitution ”. He expressly refers to his earlier applications, and states that “neither application raised the due process point ” which he now presents. Thus the present petition for relief is predicated solely upon the due process point. The issue of petitioner’s sanity at the time of the commission of the crime, at the time his plea was taken and at the time of sentence is not raised by the allegations of the present application.
Nevertheless, the majority would remit this matter for a hearing of the allegations of the petition because on such a hearing “ it might be found as a fact that this defendant had such a defense [insanity] and that insufficient consideration was given to it ’ ’. In effect, they would permit the hearing Judge to arrive at a conclusion contrary to that reached by the trial court as well as the courts on the prior coram nobis applications, where precisely the same question was presented. With this I cannot agree.
Moreover, the claimed due process violation merely raises an alleged error of law, apparent on the face of the record, and it is well settled that coram nobis is not available to review such an alleged error (People v. Sadness, 300 N. Y. 69, 74; People v. Kendricks, 300 N. Y. 544 [where due process was also urged]). If the procedure under which his plea of guilty was taken violated due process, petitioner, who was represented by counsel, had available the adequate remedies of a motion in arrest of judgment and a motion to withdraw his plea. Neither such motion was made, however. Coram nobis may not now be substituted by petitioner in his belated attempt to assert alleged rights when, at the time sentence was imposed, he had available other avenues of judicial process to escape any claimed injustice (People v. Sadness, supra; People v. Kendricks, supra). Thus there should be an affirmance here.
Assuming, arguendo, that the question could properly be raised by coram nobis, there is no need for a hearing on the allegations of the petition, since only a question of law is presented. (People v. Downie, 205 Misc. 643; related case, People *367 ex rel. Downie v. Jackson, 286 App. Div. 1131, motion for leave to appeal den. 1 N Y 2d 642). A hearing can shed no light on whether it is unconstitutional to have a procedure whereby a 13-year old can plead guilty to murder. And that, it must he recalled, is the sole question raised by the present application, for insanity by reason of epilepsy or otherwise is out of the case. It can only divert the court’s attention from the constitutional question to now irrelevant collateral questions of fact regarding petitioner’s mental condition some 18 years ago.
For the reasons hereinbefore stated, it is unnecessary to consider the merits of petitioner’s application. However, since the majority have chosen to remit the matter for a hearing, I merely note (as does the majority opinion) that, prior to the 1948 amendment to section 486 of the Penal Law, ‘ ‘ a child over 7 and under 16 could be prosecuted for murder or any other crime punishable by death or life imprisonment ’ ’, and that said amendment ‘ ‘ cannot be applied in favor of an offender tried and sentenced to imprisonment before its enactment ” (People v. Oliver, 1 N Y 2d 152, 155, 163). However we may view the prior law, I have found no authority holding it to he unconstitutional (see Clark & Marshall, Treatise on the Law of Crimes [5th ed.], § 78, p. 127, at n. 351, for cases where children under the age of 13 were convicted of murder).
People v. Hill (8 N Y 2d 935) and People v. Boehm (309 N. Y. 362), cited by the majority, are completely inapposite. In Hill, we sustained the Appellate Division in its refusal to grant a coram nobis hearing as to defendant’s alleged insanity prior to his conviction, and agreed that the hearing be limited to his alleged insanity during the 30-day period in which the appeal could have been taken. In Boehm, the fundamental right of counsel was involved. We have neither such situation here. In my opinion, the procedure sanctioned today is a further extension of coram nobis not heretofore recognized.
Accordingly, the order appealed from should be affirmed.
Judges Dye, Fuld, Van Voorhis, Burke and Foster concur with Chief Judge Desmond ; Judge Froessel dissents in an opinion.
Order reversed and matter remitted to the County Court of Dutchess County for further proceedings in accordance with the opinion herein.