Bbejamie Gassmah, J.
The letter dated December 6, 1961, addressed to this court by the defendant, will be treated as an application for a writ of error coram nobis.
The papers on file indicate that on November 8, 1940 the defendant was indicted of murder in the first degree. On November 14, 1940 he appeared with assigned counsel and pleaded not guilty to the charge. On January 31, 1941 the defendant, with assigned counsel at his side, pleaded guilty to murder in the second degree, before Judge James Gabbett Wallace, and on February 24, 1941 Judge Wallace sentenced the defendant to State prison for a term of not less than 40 years *932 nor more than his natural life. On March 7,1941 the defendant served a notice of appeal and said appeal was dismissed, by an order of the Appellate Division, First Department, on December 8, 1941.
In his present application the defendant asserts that he was 14 years of age at the time when the crime was committed and that at the time when he pleaded guilty he was informed by his counsel, the District Attorney and “ other law people that he would be in prison only until he was 21 years of age. ’ ’
The court has read the minutes of the proceedings at the time the plea was taken as well as the sentencing minutes, from which it appears that the defendant was represented by capable and experienced counsel, and his claim of a promise of a short sentence is not substantiated by the records.
This is the second application for a writ of error coram nobis made by the defendant. On August 13, 1961 he applied for cora/m nobis relief and asserted in his petition that because he was 14 years of age at the time when the crime was committed, he could not be prosecuted in this court for murder in the first degree and that the plea of guilty taken by him was a nullity. That motion was heard by Judge Abraham N. Geller on September 28, 1961 and was denied by Judge Geller on October 6, 1961 with a brief opinion in which he stated that “ petitioner’s conviction at the age of 14 on a plea of guilty to Murder in the Second Degree in 1941 was legal under the law then existing. Penal Law sections 486, 2186 (1941); see People v. Murch, 263 N. Y. 285, 290. Changes in the aforementioned provisions in 1948 and 1949, respectively, (L. 1948, ch. 554; L. 1949, ch. 388) cannot be applied retroactively in favor of a defendant convicted and sentenced prior to their enactment; People v. Oliver, 1 N. Y. 2d 152; People v. Downie, 205 Misc. 643. Moreover, the facts upon which the petition is based were apparent on the record and, accordingly, reviewable upon appeal. People v. Sullivan, 3 N Y 2d 196.”
The defendant served a notice of appeal from Judge Geller’s order on December 6, 1961, which appeal apparently is still pending.
Aside from the additional claim of having been promised a short sentence, the present application made by the defendant contains no new or additional facts and, as has been pointed out, such new claim is not borne out, and in fact is contradicted, by the records.
We have heretofore pointed out that where a second application is made and upon such application no new or original facts are adduced, with the result that the later application is
*933 in all material respects the same as the prior application, the motion must be denied (People v. Sullivan, 4 N Y 2d 472; People v. Merritte, 11 A D 2d 628; People v. Hobbs, 14 A D 2d 926). The motion is, accordingly, in all respects denied.