William G. Easton, J.
This was a hearing pursuant to an application by the defendant in the nature of a writ of error coram nobis to vacate a judgment of conviction for murder second degree rendered January 16, 1956 in the Supreme Court of Steuben County upon,the defendant’s plea of guilty thereto. Originally, the defendant was indicted for the crime of murder in the first degree to which he pled not guilty. Later, however, at the time fixed for trial and upon advice of assigned counsel defendant pled guilty to murder second degree which was accepted by the court on January 3, 1956. Thereupon, the defendant was necessarily sentenced to a minimum term of from 20' years to life.
Defendant claims that upon arraignment he was told he was entitled to counsel of his own choice but that the Supreme Court Justice, the Honorable Goodman A. Sabachan, assigned a lawyer by the name of Jacob G. Welch (now deceased) although defendant had suggested another name. Mr. Welch was at that time an attorney and a resident Police Commissioner of the City of Corning in Steuben County, which however was not the place where it was alleged the crime was committed.
Defendant also claims that he was told by his counsel “I have talked with the Judge and the District Attorney, and I am convinced that if you plead guilty I will get you a manslaughter sentence ”. In reliance on this advice, the defendant pled guilty to murder second degree and the Honorable Mr. Justice Daniel J. O’Maba pronounced the sentence 20 years to life *1028 which was more than a manslaughter sentence. At this time no question was ashed nor protest made Toy the defendant.
Defendant claims he did not receive adequate, proper, unbiased and unprejudiced representation because his assigned counsel, Mr. Welch, was a Police Commissioner, and thus a law enforcement officer, disqualified to represent the defendant properly because of conflict of interest. The claim is also made that Mr. Welch was further prejudiced against the defendant in that he had represented the defendant’s wife in a previous unsuccessful matrimonial action against the defendant.
Upon the original return day of this application, the Special Term denied the hearing and dismissed the writ. Upon appeal to the Appellate Division, Fourth Department, that order was reversed and the matter remitted for this hearing in accordance with a memorandum. The memorandum in part read as follows : ‘ ‘ While we are not passing upon the question at this time, there is very grave doubt about the propriety of assigning a person in such an office (Police Commissioner) as counsel for an indigent defendant. * * * A hearing should have been had to determine the issues presented by the petition and, in particular, the question of whether he received adequate, proper, unbiased and unprejudiced representation ’ ’. (People v. Brewer, 18 A D 2d 961.)
In this type of proceeding the defendant has the burden of proving that he was deprived of his constitutional rights to adequate and proper representation. This he must establish clearly and convincingly by a preponderance of the credible evidence. (People v. Richetti, 302 N. Y. 290 [1951]; People v. Girardi, 2 A D 2d 701 [1956]; People v. Milo, 4 A D 2d 679 [1957]; People v. Chait, 7 A D 2d 399, affd. 6 N Y 2d 855 [1959].)
There is a presumption of regularity in the proceedings which disappears if overcome by substantial evidence to the contrary. (People v. Richetti, supra.)
From the proofs submitted there is no question about the regularity of the proceedings in this case. Defendant admitted that no promises of any kind were made to him by the District Attorney or any Judge. This was confirmed by the unquestioned testimony of Judges Gabrielli (former District Attorney), Justice Sarachan (who arraigned and appointed assigned counsel) and Justice O’Mara (who accepted the defendant’s plea and pronounced sentence). Justice Sarachan did not promise to appoint counsel of the defendant’s choice nor did he have a dnty to do so. All that defendant was told was that he might employ counsel of his own choice but defendant signed an affidavit in which he set forth his inability to pay an attorney *1029 and asked the court to assign one. So there is but one remaining feature and that is the integrity of Attorney Jacob G. Welch.
Defendant cites the failure of Mr. Welch to explain to him the distinction between pleading guilty to manslaughter and second degree murder and the resulting difference in penalties carried by each. Defendant maintains this constituted inadequate and improper representation brought about by the fact that there was a conflict of interest between defendant and his counsel since Mr. Welch was a City of Corning Police Commissioner. Defendant claims that Mr. Welch should have been disqualified to represent the defendant because of bias and prejudice.
The accusation that Welch had previously represented the defendant’s wife in an unsuccessful matrimonial action against him was proven to be absolutely false beyond a shadow of a doubt. The attorney, Charles Githler (now City Court Judge) who represented the defendant in that matrimonial proceeding, came to the witness stand and produced the summons and complaint which was served by the defendant’s wife’s attorney and it was not Jacob G. Welch nor the firm of Welch & Welch. It was an entirely different lawyer by the name of Laurelston Walsh. The defendant’s assigned attorney on this proceeding, the capable Vedo M. Candiello, no longer places any reliance on this accusation. There was no truth to it.
Defendant was entitled to reasonably competent counsel. He was not entitled to infallible counsel. The court does not stand as surety for the proper performance of counsel’s professional duty. (People v. Codarre, 285 App. Div. 1087 [1955]; People v. Girardi, 2 A D 2d 701, supra.) In the last-cited case the defendant’s trial counsel had also represented a prosecution witness who had been indicted for crimes other than that for which the defendant was being tried. The denial of the defendant’s application was affirmed.
On this record the defendant Brewer’s claim of bias and prejudice and improper treatment by his assigned counsel Mr. Jacob G. Welch is patently incredible. Welch is not alive to answer this accusation but his law partner, Mr. Vincent Welch, appeared and testified at length as to what had been done in the representation of the defendant. Without reviewing it in detail, Vincent Welch absolutely negatives any possibility of Jacob Welch trying to “trick” the defendant into pleading guilty to murder second degree. The brothers Welch consulted with each other. They were full partners. Jacob Welch spent a considerable amount of time traveling and interviewing witnesses. He arranged for a psychiatric examination prior to *1030 the trial. The contents of a supposed confession by the defendant were exposed to defendant’s counsel after which he was more concerned about saving the defendant’s life. Undoubtedly, Mr. Welch had reasonably satisfied himself of the defendant’s guilt. (People v. Tomaselli, 7 N Y 2d 350 [1960].)
Jacob Welch was not inexperienced, neither was he any neophyte in representing defendants in criminal matters. His reputation for honesty and integrity was excellent. He was a member of the Bar in good standing. The fact that he was appointed as a Police Commissioner for the City of Corning did not ipso facto prove that he had double-crossed a defendant whom he represented as a lawyer in a criminal matter. On the contrary, it is some evidence that he was a respected citizen of the community. The Police Commissioners’ duties were not to prosecute alleged criminals but to have general control and management of the Police Department including appointments, regulation and discipline therein. There is a denial of effective representation of counsel only when the representation given is so patently lacking in competency or adequacy that it becomes the duty of the court to be aware of it and correct it. (People v. Tomaselli, supra.) It was not until March 27, 1956, after the defendant had started serving his sentence that he made any complaint or reference to this matter.
This court is convinced that Jacob Welch acted in good faith in his representation of the defendant. His very frank and lengthy letter dated April 17, 1957 to the defendant at Attica Prison speaks out loud in that regard. The defendant has not proven otherwise. The records of the proceedings belie his accusations. The defendant ’s' apjolication is dismissed.