14 N.Y.2d 62 (1964)
The People of the State of New York, Appellant-Respondent,
v.
James A. O'Connor, Respondent-Appellant.
Court of Appeals of the State of New York.
Argued January 6, 1964.
Decided February 27, 1964.
Thomas J. Mazza for appellant.
Frank S. Hogan, District Attorney (Joseph A. Phillips and H. Richard Uviller of counsel), for respondent.
Judges DYE, FULD, BURKE and SCILEPPI concur with Judge VAN VOORHIS; Judge BERGAN dissents in an opinion in which Chief Judge DESMOND concurs.
*64 VAN VOORHIS, J.
Defendant was charged with unlawfully entering a building, petit larceny, and injury to property. He pleaded guilty to disorderly conduct to cover the information. After sentencing, defendant asked that he be allowed to withdraw his plea of guilty. The application was denied.
The Appellate Division reversed upon the ground that there was a failure to comply substantially with subdivision 9 of section 31 of the former New York City Criminal Courts Act, in effect at the time, since the Assistant District Attorney did not state in open court and upon the record the reasons for his recommendation of acceptance of defendant's plea of guilty to a charge of disorderly conduct; that compliance with the statutory provisions was a condition precedent to jurisdiction of the court to convict for the offense, and, in any event, that when such noncompliance is raised by the defendant on appeal from the conviction, the conviction should not stand but that the defendant should remain charged on the information as filed.
The defendant argues that, since the Court of Special Sessions had no jurisdiction to accept defendant's plea of guilty to the offense of disorderly conduct, the conviction thereon was void and the sentence imposed was a nullity, and the information should, therefore, be dismissed and the defendant discharged.
If defendant's plea of guilty to the offense of disorderly conduct was a nullity, he was not thereby placed in jeopardy, and could not be entitled to have the information against him dismissed. In that event, the original information should have been reinstated as was done by the Appellate Division. The serious question arises on the appeal by the People, on which it is argued that the Appellate Division erred in reversing the judgment of the Court of Special Sessions of the City of New York upon the ground that, in the absence of a statement of *65 reasons by the Assistant District Attorney, it lacked jurisdiction to convict the defendant of disorderly conduct on his plea of guilty.
The Appellate Division based its reversal upon the ground that the jurisdiction of Special Sessions depended upon compliance with subdivision 9 of section 31 of the New York City Criminal Courts Act, and that the failure of the Assistant District Attorney to state the reasons in open court and upon the record for his recommendation of the acceptance of defendant's plea to this lower offense was a condition precedent to the jurisdiction of the court, citing Matter of McDonald v. Sobel (272 App. Div. 455, affd. 297 N.Y. 679). The McDonald case involved section 342-a of the Code of Criminal Procedure, which is still in force, entitled "Pleas of guilty to lesser offense than that charged; requirements." Section 342-a provides that, "In any case where the court, upon the recommendation of the district attorney, and in furtherance of justice, accepts a plea of guilty to a crime or offense of a lesser degree or for which a lesser punishment is prescribed than the crime or offense charged, it shall be the duty of the district attorney to submit to the court a statement in writing in which his reasons for recommending the acceptance of such plea shall be clearly set forth. Such statement shall be filed by the court with the other papers in the case and shall be a public record subject to inspection by any person."
In the McDonald case, at the instance of the District Attorney, an order in an article 78 proceeding was affirmed which granted an application by the District Attorney to vacate an order of the County Court permitting two defendants to plead guilty to lesser offenses than those for which they had been indicted and to reinstate the indictments and the pleas of not guilty entered thereon. In that instance the District Attorney had objected to the acceptance of a plea of guilty to the lesser charge, but had been overruled by the County Judge who had granted permission to accept such plea. Here the Assistant District Attorney made no objection to the lesser plea, and consented to its acceptance to cover the information. The only alleged defect is the failure of the prosecuting officer to state on the record his reasons for consenting to the acceptance of this lesser plea.
*66 The present case more nearly resembles People v. D'Aula (1 N Y 2d 779), where an order was affirmed denying an application in coram nobis to set aside a conviction on a plea of guilty to a lesser crime. There, as in the McDonald case, the District Attorney objected to acceptance of the lesser plea, but without filing any written statement of objection. In the Court of Appeals the defendant argued that, unless the District Attorney consented and section 342-a of the Code of Criminal Procedure was complied with, the conviction of the lesser crime charged in the indictment was a nullity and in violation of due process of law. The People argued that although the court might not, without the consent of the District Attorney, accept a plea of guilty to a crime less than that charged in the indictment, nevertheless, if the District Attorney did not procure an order prohibiting such nonjurisdictional action, the judgment was valid and the validity of the judgment remains unaffected by the failure of the District Attorney to file a statement of reasons for accepting the lesser plea under section 342-a of the Code of Criminal Procedure. The latter contention was upheld. Omission by the District Attorney to take further proceedings, as had been done in the McDonald case, was deemed to have been equivalent to acquiescence.
The D'Aula case and People v. Codarre (285 App. Div. 1087) are controlling here. In its memorandum decision in the case last cited the Second Department said: "The failure to comply with the provisions of section 342-a of the Code of Criminal Procedure did not render the judgment of conviction void. Matter of McDonald v. Sobel (272 App. Div. 455, affd. 297 N.Y. 679), relied on by defendant, is not authority in support of his contention. That case holds that the County Court is without authority to accept a lesser plea over the objection of the District Attorney. In the instant case, the District Attorney did not object to the plea to murder in the second degree and the cited case has no application. The failure to submit and file the written statement, if it is assumed that one was required, was a mere irregularity which did not make the subsequent proceedings a nullity or impair the sentence imposed."
We are concerned here, to be sure, with a statute drafted in slightly different verbiage, but we think that subdivision 9 of section 31 of the New York City Criminal Courts Act was not *67 intended to bring about an effect different from section 342-a of the Code of Criminal Procedure. Indeed, the Appellate Division cited the McDonald case as authority for its decision, which was decided under section 342-a of the Code of Criminal Procedure. The language here, to be sure, is that, on the recommendation of the District Attorney or an Assistant District Attorney, the Court of Special Sessions "shall have the power" to accept a plea of guilty to an offense not constituting the crime, to cover an information containing misdemeanor charges "when the reasons for the recommendation are stated in open court and upon the record." Strictly construed, possibly this language could imply that a statement of the reasons for the recommendation by the prosecutor is jurisdictional. This language is not sufficiently different, however, from that of section 342-a of the Code of Criminal Procedure, describing the making of such a statement as the duty of the prosecutor, to convince us that the Legislature intended to have a different rule applicable to subdivision 9 of section 31 of the New York City Criminal Courts Act from that applied in construing section 342-a of the Code of Criminal Procedure. Here, it is not the People but the defendant who is appealing, seeking to be relieved from his own plea of guilty to the lesser offense to cover the information. He should not be heard to do so for the reasons above stated.
The order of the Appellate Division should be reversed and the judgment of the Court of Special Sessions reinstated, convicting defendant of disorderly conduct on his plea of guilty thereto. The appeal by defendant should be dismissed.
BERGAN, J. (dissenting).
The record demonstrates a manifest failure by the Court of Special Sessions to follow the requirements of subdivision 9 of section 31 of the former New York City Criminal Courts Act (now applicable to the Criminal Court of the City of New York, N. Y. City Crim. Ct. Act, § 33, subd. [8]). Whether this was a jurisdictional defect or an error of law, and the Appellate Division found it to have been both, that court's decision to remit the case on defendant's appeal was well within the area of its power.
The plea of guilty was addressed to a purported offense, disorderly conduct, constituting no part of the crimes charged in the original information, i.e., unlawful entry, petit larceny and *68 injury to property. The new charge, described as being "Acceptable to the People" by the Assistant District Attorney, was stated by the defendant's lawyer, who moved to "add a count to the information", merely to be "disorderly conduct", and described by the Clerk as "disorderly conduct, in that on February 25, 1961, in New York County, you tended to breach the peace". This is the record, and all of the record, on the acceptance of "a plea of guilty to an offense not constituting a crime" under subdivision 9 of section 31.
The provisions of that subdivision are cast in jurisdictional terms. The court "shall have the power to accept a plea of guilty to an offense" under two specified statutory conditions: (a) "when on the facts before the court such offense can be made out"; and (b) "when the reasons for the recommendation are stated in open court and upon the record".
This provision was added to the former statute in 1955 and it seems clear that it was understood when enacted that it was to add a power to the Court of Special Sessions which some of the Justices had held it did not theretofore possess. (See memorandum of the District Attorney, N. Y. Legis. Annual, 1955, p. 49).
This provision differs from section 342-a of the Code of Criminal Procedure in two significant respects. In the first place it is provided by section 342-a that in "any case where the court, upon the recommendation of the district attorney * * * accepts a plea * * * it shall be the duty of the district attorney to submit to the court a statement"; whereas subdivision 9 of section 31 provides that "on the recommendation of the district attorney * * * the court * * * shall have the power to accept a plea". The latter is a grant of power based on a condition; the former is a description of a judicial act which has been accompanied by a recommendation in connection with which the District Attorney has a direct and additional duty.
The other significant difference is that subdivision 9 of section 31 is more than a mere matter of consent of the District Attorney. Even when there has been a "recommendation" of the District Attorney, there is an additional condition, i.e., "when the reasons for the recommendation are stated in open court and upon the record."
*69 This is a public and judicial requirement making the grounds for action available to the inspection or examination of anyone and it is not the requirement for the consent of the District Attorney alone which is involved, but the public interest in having the District Attorney disclose why the recommendation is made.
Even in respect of section 342-a, however, the holding in Matter of McDonald v. Sobel (297 N.Y. 679) was very precisely based on an absence of jurisdiction in the County Court resulting from a refusal of the District Attorney to consent to accept a plea to a lesser degree of crime. In the case before us the failure to follow the statute is at least as significant an omission as that in McDonald. Not only is the reason of the District Attorney for the recommendation absent from the record but there is the significant failure of the record to show "facts before the court" on which the offense "can be made out".
The decision in People v. D'Aula (1 N Y 2d 779), which was addressed to a coram nobis proceeding, must be regarded as limited in scope and when read with McDonald is no authority for the kind of proceedings followed here.
Entirely aside from the jurisdictional issue it must be apparent that with this kind of a record before it, deficient in respect of two significant statutory requirements, the Appellate Division, which had the responsibility for the supervision of the work at Special Sessions, was vested with the power to reverse the judgment even though entered on defendant's plea, and such a reversal as this was not an error of law which would warrant reversal by this court.
The order should be affirmed.
Order of Appellate Division reversed and judgment of the then Court of Special Sessions reinstated in the Criminal Court of the City of New York.